UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL G. VOGT, Individually and On Behalf Of All Others Similarly Situated, | )<br>)<br>) Case No._____ |
| Plaintiffs, | )<br>) COMPLAINT |
| vs. | )<br>) Class Action |
| STATE FARM LIFE INSURANCE COMPANY, | )<br>) DEMAND FOR JURY TRIAL |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Plaintiff Michael G. Vogt ("Plaintiff"), individually and on behalf of all others similarly situated, for his Class Action Complaint against Defendant State Farm Life Insurance Company ("Defendant"), states and alleges as follows:

**INTRODUCTION**

1. This is a class action for breach of contract and conversion to recover amounts that Defendant has charged and collected from Plaintiff and members of a class of life insurance policy owners in excess of amounts authorized by the express terms of their policies. Plaintiff's claims and those of the proposed class are exclusively supported by the explicit provisions of their life insurance policies and are not derived from any alleged conversations had, or documents reviewed, at the time of sale.

2. The terms of Plaintiff's life insurance policy provide for an "Account Value" consisting of monies held in trust by Defendant for Plaintiff. Over the course of several years, Defendant has systematically deducted monies from Plaintiff's Account Value in breach of the policy's terms.

3. Defendant is contractually bound to deduct only those charges that are explicitly identified and authorized by the terms of its life insurance policies. Despite unambiguous policy language in a fully integrated agreement, Defendant deducts charges from the Account Values of Plaintiff and the proposed class in excess of amounts specifically permitted by their policies.

1

4. Defendant has caused material harm to Plaintiff and the proposed class by improperly draining monies they have accumulated in the Account Values under their policies. Every unauthorized dollar taken from policy owners is one less dollar that can be used to: invest through the policy; pay future premiums; increase the death benefit; use as collateral for policy loans; or withdraw as cash.

5. Plaintiff brings this case as a class action under Fed.R.Civ.P. 23, on behalf of himself and as a representative of the following persons (the "Class"):

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's age, sex, and applicable premium or rate class, and which can be adjusted for projected changes in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

## PARTIES

6. Plaintiff Michael G. Vogt is an individual and resident of the State of Missouri.

7. Defendant State Farm Life Insurance Company is a life insurance company organized and existing under the laws of the State of Illinois, and maintains its principal place of business in Bloomington, Illinois. Defendant is registered to do business in the State of Missouri and has a registered office located at 221 Bolivar Street, Jefferson City, MO 65101.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over all causes of action asserted herein pursuant to 28 U.S.C. § 1332(d) because this is a class action with diversity of citizenship between parties and the matter in controversy exceeds $5,000,000.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(b)(1) in that defendant resides in this judicial district and division.

## GENERAL ALLEGATIONS

10. Plaintiff purchased from Defendant a flexible premium adjustable whole life insurance policy bearing the policy number LF-1722-5380, and a policy date of October 6, 1999, with an initial basic amount of $100,000 (the "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A, and incorporated herein by reference.

11. Plaintiff has always been both the "owner" and the "insured" under the Policy.

12. Defendant is the effective and liable insurer of the Policy.

13. The Policy is a valid and enforceable contract between Plaintiff and Defendant.

14. "The [P]olicy is the entire contract," and it consists of "the Basic Plan, any amendments, endorsements, and riders, and a copy of the application." Ex. A at p. 11.

15. The terms of the Policy are not subject to individual negotiation and are materially the same for all policyholders. They cannot be altered by an agent's representations at the time of sale.

16. "Only an officer has the right to change this policy. No agent has the authority to change the policy or to waive any of its terms. All endorsements, amendments, and riders must be signed by an officer to be valid." Ex. A at p. 11.

17. Defendant has administered and currently administers all aspects of the Policy, and the policies meeting the class definition set forth above (the "Class Policies"), including collecting premiums, and setting, assessing and deducting policy charges.

18. Unlike standard term life insurance policies, the Policy and Class Policies provide policyholders an investment, savings, or interest-bearing component (identified in the Policy and Class Policies as the "Account Value"[1]), in addition to a death benefit.

19. Generally speaking, under life insurance policies like the Policy and Class Policies, premium dollars are deposited into the Account Value, from which the insurer deducts

---

[1] Although other Class Policies may refer to this component as the "Accumulation Value," "Cash Value," or something similar, because the purpose is the same, it is referred to as the "Account Value" for purposes of this Class Action Complaint.

3

those monthly charges authorized by policy terms. Under the terms of the Policy and Class Policies, the Account Value consists of an interest bearing account that accumulates over time.

20. The funds held in the Account Value of the Policy and Class Policies are policy owner property that Defendant holds in trust for policy owners.

21. Under the express terms of the Policy, the Account Value is equal to 95% of the initial premium less the monthly deduction for the first policy month, and thereafter:

> The account value on any deduction date after the policy date is the account value on the prior deduction date:
>
> (1) plus 95% of any premiums received since the prior deduction date,
> (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date,
> (4) less the current monthly deduction,
> (5) plus any dividend paid and added to the account value on the current deduction date, and
> (6) plus any interest accrued since the prior deduction date.
>
> The account value on any other date is the account value on the prior deduction date:
>
> (1) plus 95% of any premiums received since the prior deduction date,
> (2) less the deduction for the cost of insurance for any increase in Basic Amount and the monthly charges for any riders that became effective since the prior deduction date,
> (3) less any withdrawals since the prior deduction date, and
> (4) plus any interest accrued since the prior deduction date.

Ex. A at p. 9.[2]

22. Defendant may access and withdraw funds from the Account Value only as expressly authorized by the Policy and the Class Policies.

23. The Policy and Class Policies expressly define the specific charges that Defendant may assess and deduct from a given policyholder's premium payments and the accumulated

---

[2] The "Policy Date" is the effective date of the Policy, and the "Deduction Date" is "[t]he policy date and each monthly anniversary of the policy date." Ex. A at p. 5. The Deduction Date under the Policy is the 6th of each month. Ex. A. at p. 3.

4

Account Value. Defendant may deduct only those charges allowed by the Policy and Class Policies.

24. The Policy authorizes Defendant to take a "Monthly Deduction" from Plaintiff's Account Value each month. Ex. A at p. 9.

25. The Policy expressly defines the Monthly Deduction as follows:

> **Monthly Deduction.** This deduction is made each month, whether or not premiums are paid, as long as the cash surrender value is enough to cover that monthly deduction. Each deduction includes:
> (1) the cost of insurance,
> (2) the monthly charges for any riders, and
> (3) the monthly expense charge.

Ex. A at p. 9.

26. The Policy states that the monthly expense charge ("Expense Charge") is $5.00. Ex. A at p. 3.

27. The Policy also expressly defines how the charge for the Policy's "Cost of Insurance" ("Cost of Insurance Charge") is determined and calculated:

> **Cost of Insurance.** This cost is calculated each month. The cost is determined separately for the Initial Basic Amount and each increase in Basic Amount.
>
> The cost of insurance is the monthly cost of insurance rate times the difference between (1) and (2), where:
> (1) is the amount of insurance on the deduction date at the start of the month divided by 1.0032737, and
> (2) is the account value on the deduction date at the start of the month before the cost of insurance and the monthly charge for any waiver of monthly deduction benefit rider are deducted.
>
> Until the account value exceeds the Initial Basic Amount, the account value is part of the Initial Basic Amount. Once the account value exceeds that amount, if there have been any increases in Basic Amount, the excess will be part of the increases in order in which the increases occurred.

Ex. A at p. 10.

28. The Policy explicitly discloses the factors Defendant may use to determine "Monthly Cost of Insurance Rates," which are used to calculate the Cost of Insurance Charge that is deducted from the Account Value each month:

5

> **Monthly Cost of Insurance Rates.** These rates for each policy year are based on the Insured's age on the policy anniversary, sex, and applicable rate class. A rate class will be determined for the Initial Basic Amount and for each increase. The rates shown on page 4 are the maximum monthly cost of insurance rates for the Initial Basic Amount. Maximum monthly cost of insurance rates will be provided for each increase in the Basic Amount. We can charge rates lower than those shown. Such rates can be adjusted for projected changes in mortality but cannot exceed the maximum monthly cost of insurance rates. Such adjustments cannot be made more than once a calendar year.

Ex. A at p. 10.

29. Defendant admits that a rate "based on" factors explicitly identified in the Policy must be determined using only those identified factors. *See Alleman v. State Farm Life Ins. Co.*, 334 Fed.Appx. 470, 472 (3rd Cir. 2009) (affirming summary judgment in State Farm's favor, and rejecting plaintiff insured's argument that provision in life insurance policy stating charge would be "*based on the Insured's age last birthday and sex*" should be read to include other undisclosed factors, because "[b]y the plain language of these policies, it is clear that the insureds' age and sex are the only mortality factors relevant to the rate …." (emphasis added)).

30. Under the explicit terms of the Policy, therefore, Defendant is authorized to use only the Insured's age, sex, applicable rate class, and projected changes in mortality when determining the Policy's Monthly Cost of Insurance Rates. Ex. A. at p. 10.

31. Age, sex, and rate class are factors commonly used within the life insurance industry to determine the mortality expectations of an insured or group or class of insureds.

32. An insured would reasonably read age, sex, and rate class, in combination with the disclosure that rates can only be adjusted for "projected changes in mortality," and understand that only mortality expectations are used to determine Monthly Cost of Insurance Rates.

33. By specifically identifying age, sex, and rate class as the defining components of the Monthly Cost of Insurance Rate, the parties agreed that mortality expectations are what determines the Monthly Cost of Insurance Rates under the Policy, and this is further confirmed where the Policy states that "[s]uch rates can be adjusted for projected changes in mortality."

6

34. Like the Policy, the Class Policies disclose similar periodic deductions that Defendant is authorized to take from policyholder Account Values including, specifically, Cost of Insurance Charges that are calculated using rates that Defendant must determine based on specified factors, and that can be adjusted for projected changes in mortality.

35. Like the Policy, the Class Policies also disclose separate, monthly expense charges or deductions that Defendant sets in fixed amounts.

36. Although the Policy and Class Policies authorize Defendant to use only certain, specified factors in determining Monthly Cost of Insurance Rates, Defendant uses other factors, not authorized by the Policy and Class Policies, when determining those rates, including, without limitation:

   a. Expense experience;
   b. Persistency;
   c. Taxes;
   d. Profit assumptions;
   e. Investment Earnings;
   f. Capital and reserve requirements, and
   g. Other unspecified factors.

37. By including these other factors in Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies and, as a result, withdraws Cost of Insurance Charges from the Account Value in amounts greater than those authorized by the Policy and Class Policies.

38. By loading Monthly Cost of Insurance Rates with unauthorized factors, Defendant repeatedly and continuously breaches the Policy and Class Policies and impermissibly inflates those rates.

39. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted

and will deduct Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts not authorized by the Policy or Class Policies.

40. By loading Monthly Cost of Insurance Rates with undisclosed factors, including without limitation, maintenance, administrative, and other expense factors, Defendant also repeatedly and continuously breaches the Expense Charge provisions of the Policy and Class Policies by impermissibly deducting Expense Charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by their policies.

41. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged and those damages are continuing in nature in that Defendant has deducted and will continue to deduct expenses, including without limitation, maintenance, administrative, and other expenses, from the Account Values of Plaintiff and the Class in amounts not authorized by the Policy and Class Policies.

42. The nature of Defendant's conduct is such that Plaintiff and each member of the Class would be unaware that Defendant was engaging in wrongdoing by taking inflated charges and improper amounts from Account Values. Defendant possesses the actuarial information and equations underlying the computation of rates and charges for the Policy and Class Policies. The Monthly Cost of Insurance Rates actually used to calculate the monthly Cost of Insurance Charges are not disclosed to policy owners, nor are the components or factors that comprise those rates. Even if they were, Plaintiff and the Class would lack the knowledge, experience, and training to reasonably ascertain how Defendant calculated the rates and charges.

43. Defendant was aware of its non-disclosure because of its superior knowledge of the aforementioned computations. Concealment of its conduct and failure to disclose its conduct to Plaintiff and the Class constitutes fraudulent concealment and therefore tolls the statute of limitations for Plaintiff and the Class. Plaintiff did not learn of Defendant's breaches of the Policy supporting Plaintiff's claims until approximately May 2016, when he engaged counsel

and consulted an actuarial expert. Plaintiff was not at fault for failing to discover the breaches and had no actual or presumptive knowledge of the breaches.

44. Plaintiff did not learn that Defendant was breaching the Policy because the facts showing breach were not reasonably discoverable by Plaintiff nor was the harm that was caused by Defendant's breaches.

## CLASS ALLEGATIONS

45. Plaintiff brings this case as a class action under Fed.R.Civ.P. 23, on behalf of himself and as a representative of the following Class:

> All persons who own or owned a life insurance policy issued or administered by Defendant, or its predecessors in interest, the terms of which provide or provided for: 1) a cost of insurance charge or deduction, which is calculated using a rate that is determined based on the insured's age, sex, and applicable premium or rate class, and which can be adjusted for projected changes in mortality; 2) additional but separate policy charges, deductions, or expenses; 3) an investment, interest-bearing, or savings component; and 4) a death benefit.

Excluded from the Class is the Defendant, any entity in which the Defendant has a controlling interest, any of the officers, directors, or employees of the Defendant, the legal representatives, heirs, successors, and assigns of the Defendant, anyone employed with Plaintiff's counsel's firms, and any Judge to whom this case is assigned, and his or his immediate family. Excluded from the Class is any policy that explicitly discloses all of the factors Defendant used to calculate its rates and charges.

46. Plaintiff's Class satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23, as set forth more fully herein.

47. The persons who fall within the Class number in at least the hundreds and most likely thousands, and thus the numerosity standard is satisfied. Because Class members are geographically dispersed across the country, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

48. There are questions of fact and law common to the Class that predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendant's actions include, without limitation, the following:

   a. Whether Defendant is permitted by the Class Policies to use factors other than those disclosed in the Class Policies to determine the Monthly Cost of Insurance Rates used to calculate insurance policy deductions;

   b. Whether Defendant used factors not specified in the Class Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions;

   c. Whether Defendant added or included factors not specified in the Class Policies when determining the Monthly Cost of Insurance Rates used to calculate Cost of Insurance Charges or deductions;

   d. Whether Defendant added or included factors unrelated to its mortality expectations in setting and determining rates that the Class Policies provide are "based on" specified mortality factors and no other disclosed factors;

   e. Whether Defendant charged amounts in excess of those specifically authorized by the Class Policies;

   f. Whether Defendant breached the terms of the Class Policies;

   g. Whether the Class sustained damages as a result of Defendant's breaches of contract;

   h. Whether the Class is entitled to damages, restitution, and/or other relief as a remedy for Defendant's breaches of contract; and

   i. Whether the Class is entitled to declaratory relief stating the proper construction and/or interpretation of the Class Policies.

49. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims asserted herein.

50. Plaintiff's claims are typical of those of the Class in that Class members purchased policies containing the same or similar limitations on the amounts that Defendant could charge its policyholders under the express terms of the Policy and Class Policies.

10

51. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the Class. The presentation of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests.

52. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of those he seeks to represent. The interests of the Class members will be fairly and adequately protected by Plaintiff and his counsel, who have extensive experience prosecuting complex class litigation.

53. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### COUNT I: BREACH OF CONTRACT
**(Cost of Insurance Charge)**

54. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

55. Plaintiff and the Class purchased life insurance policies—the Policy and Class Policies—from Defendant.

56. The Policy and Class Policies are valid and enforceable contracts between Plaintiff and the Class, and Defendant.

57. Plaintiff and the Class substantially performed their obligations under the terms of the Policy and Class Policies.

58. By including unauthorized factors in Monthly Cost of Insurance Rates, Defendant knowingly causes those rates to be higher than what is explicitly authorized by the Policy and Class Policies.

59. Because Defendant calculates Cost of Insurance Charges using Monthly Cost of Insurance Rates that are higher than those authorized by the Policy and Class Policies, Defendant has deducted Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by their policies.

60. Defendant's practice of deducting charges in amounts not authorized by the Policy and Class Policies constitutes a breach of the policies.

61. As a direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged.

## COUNT II: BREACH OF CONTRACT
### (Expense Charge)

62. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

63. By loading Monthly Cost of Insurance Rates with undisclosed expense factors, Defendant impermissibly deducts Expense Charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by their policies.

64. By deducting unauthorized Expense Charges from the Account Values of Plaintiff and the Class, Defendant has breached the Policy and Class Policies.

65. As direct and proximate result of Defendant's breach, Plaintiff and the Class have been damaged.

## COUNT III: CONVERSION

66. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

67. Plaintiff and the Class had a property interest in the funds Defendant deducted from their Account Values in excess of the amounts permitted by the terms of the Policy and Class Policies.

68. By deducting Cost of Insurance Charges and Expense Charges in unauthorized amounts from the Account Values of Plaintiff and the Class, Defendant misappropriated or misapplied specific funds placed in the custody of Defendant for the benefit of Plaintiff and the Class for use consistent with the terms of the Policy and Class Policies, without authorization or consent, and diverted those funds for its own use.

69. As a direct and proximate result of Defendant's conduct, Plaintiff and the Class have been damaged.

70. Although requiring expert testimony, the amounts of unauthorized Cost of Insurance Charges and Expense Charges Defendant took from Plaintiff and the Class are capable of determination, to an identified sum, by comparing Plaintiff's actual Cost of Insurance Charge each month to a Cost of Insurance Charge computed using a Monthly Cost of Insurance Rate determined using the mortality factors disclosed in the Policy and Class Policies.

71. On behalf of himself and the Class, Plaintiff seeks all damages and consequential damages proximately caused by Defendant's conduct.

72. Defendant intended to cause damage to the Plaintiff and the Class by deducting more than it was authorized to deduct from their Account Values. Its conduct was, therefore, malicious and Defendant is also guilty of oppression in that its systematic acts of conversion subject Plaintiff and the Class to cruel and unjust hardship in conscious disregard of their rights. Plaintiff and the Class are therefore entitled to punitive or exemplary damages.

## COUNT IV: DECLARATORY RELIEF

73. Plaintiff incorporates and restates by reference all of the preceding allegations as though fully set forth herein.

74. An actual controversy has arisen and now exists between Plaintiff and the Class, on the one hand, and Defendant, on the other, concerning the respective rights and duties of the parties under the Policy and Class Policies.

75. Plaintiff contends that Defendant has breached the Policy and Class Policies in the following respects:

 a. By using unauthorized and undisclosed factors to compute the Monthly Cost of Insurance Rates under the Policy and Class Policies, Defendant impermissibly increased Monthly Cost of Insurance Rates for the Policy and the Class Policies and, as a result, withdraws Cost of Insurance Charges from the Account Values of Plaintiff and the Class in amounts greater than those authorized by the Policy and Class Policies; and

 b. By inflating Monthly Cost of Insurance Rates under the Policy with expense factors and Class Policies, including without limitation, maintenance, administrative, and other expense factors, that are not disclosed as being used to determine those rates, Defendant impermissibly deducted Expense Charges from the Account Values of Plaintiff and the Class in amounts in excess of the fixed and maximum Expense Charges expressly authorized by the Policy and Class Policies.

76. Plaintiff therefore seeks a declaration of the parties' respective rights and duties under the Policy and Class Policies and requests the Court to declare the aforementioned conduct of Defendant as unlawful and in material breach of the Policy and Class Policies.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests relief as follows: an order certifying this case as a class action under Fed.R.Civ.P. 23; compensatory damages in an amount to be proven at trial; costs; pre- and post-judgment interest at the maximum rate allowed by law; attorney's fees; punitive damages; disgorgement; a declaration that Defendant's ongoing conduct asserted herein is in material breach of the Policy and Class Policies; and such other legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

DATED this 15th day of June, 2016.　　　Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

/s/ Patrick J. Stueve
Patrick J. Stueve　　　　　MO Bar # 37682
Norman E. Siegel　　　　　MO Bar # 44378
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:　816-714-7100
Facsimile:　816-714-7101
Email:　　　stueve@stuevesiegel.com
Email:　　　siegel@stuevesiegel.com

- And -

John J. Schirger　　　　　MO Bar # 60583
Matthew W. Lytle　　　　MO Bar # 59145
Joseph M. Feierabend　　 MO Bar # 62563
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:　816-561-6500
Facsimile:　816-561-6501
Email:　　　jschirger@millerschirger.com
Email:　　　mlytle@millerschirger.com
Email:　　　jfeierabend@millerschirger.com

*Attorneys for Plaintiff*