# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

MICHAEL VOGT,
on behalf of himself and all others
similarly situated,

    Plaintiff,

v.

STATE FARM LIFE
INSURANCE COMPANY,

    Defendant.

No. 2:16-cv-04170-NKL

## ORDER

Pending before the Court is the defendant's motion to decertify the class, Doc. 352. For the following reasons, the motion is denied.

The class in this case was certified on April 20, 2018. Defendant argues that it should now be decertified because (1) some members of the class were not injured; (2) Plaintiffs' damages theory would cause an increase in the cost of insurance for some members of the class who had owned their policy for a longer period of time, creating an internal conflict of interest between Plaintiff and some members of the class; and (3) Plaintiffs' damages theory would cause an intra-class conflict because State Farm allegedly pooled it non-mortality factors.

While Defendant's motion for decertification was pending, a jury returned a verdict for Plaintiffs in the amount of $34,333,495.81. Doc. 171. That verdict necessarily rejected Defendant's argument that it pooled its mortality rates before loading expenses and profits.

I. **Legal Standard**

To achieve class certification, plaintiffs must meet Rule 23's requirements of numerosity, commonality, typicality, and fair and adequate representation. Fed. R. Civ. P. 23(a). A plaintiff bears the initial burden of showing that the class should be certified under Rule 23. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). "Even after a certification order is entered, the judge remains free to modify it in the light of subsequent developments in the litigation." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364 (1982) (footnote omitted); *see also* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment.").

In *Day v. Celadon Trucking Servs., Inc.* 827 F.3d 817, 832 (8th Cir. 2017), the Eighth Circuit stated as follows regarding the burden of proof on a motion for decertification:

> Generally, the proponent of a motion bears the initial burden of showing that the motion should be granted. Additionally, a district court maintains an independent duty to assure that a class continues to be certifiable under Rule 23(a). The existence of this independent obligation lends further support for requiring the movant to bear the burden of showing that the district court mistakenly maintained class certification. Moreover, a defendant bears a more onerous burden in challenging certification where . . . the initial certification decision was carefully considered and made after certification-related discovery."

*Id.* (citation omitted).

II. **Discussion**

A. **Whether Class Members Who Incurred No Damages Have Standing**

In *Avritt v. Reliastar Life Ins. Co.,* 615 F.3d 1023, 1034 (8th Cir. 2010), the Eighth Circuit held that each member of a class must have standing. To have standing, a class member must show an injury in fact "that is fairly traceable to the challenged action of the defendant, and likely to be redressed by a favorable decision." *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 591 (8th

Cir. 2009). In the absence of such evidence, there is no case or controversy, which is a prerequisite for federal court jurisdiction.

State Farm argues that because some class members cannot show damages, they were not injured and therefore the class should not be certified. Its argument is premised on the so-called cross-over credit that the jury gave State Farm. The cross-over credit is the set-off that State Farm received for months when State Farm's COI charge was lower than the mortality-only rate. For 29 class members, this set-off resulted in no net damages. The Court permitted this set-off argument even though State Farm had never raised set-off as an affirmative defense.

The cross-over credit, however, does not mean that these 29 class members were not injured. In the months when their mortality-only COI was lower than what State Farm charged, they sustained an injury-in-fact. The only reason they did not sustain net damages is because their injury was offset by the months when their mortality-only rate was higher than the COI charge State Farm levied. The fact that that they did not sustain net damages does not mean that they had no injury and no standing to resolve the dispute. A defendant may prevail on an affirmative defense, but that does not mean that there is no injury in fact.

Moreover, even if damages cannot ultimately be proved, that does not mean that there was no standing to sue. *See, e.g., Kohen v. Pac. Inv. Mgmt. Co., LLC,* 571 F.3d 672, 677 (7th Cir. 2009) ("When a plaintiff loses a case because he cannot prove injury the suit is not dismissed for lack of jurisdiction."); *see also* Commentary to Fed. R. Civ. P 23 ("If it turns out that some members of the class are not entitled to relief, that represents a failure on the merits, not the lack of a justiciable clam."); *see also Ziggy1 Corp. v. Lynch,* No. 15-0715, 2016 WL 4083656, at *1 (W.D. Okla. Mar. 23, 2016).

Finally, the Court finds instructive *Buoaphakeo v. Tyson Foods, Inc.,* 765 F.3d 791 (8th Cir. 2014), *aff'd,* 136 S. Ct. 1036. In that case, the Eighth Circuit approved class certification despite the fact that not all members of the class incurred damages. Such a result makes particular sense in a case like this, where only 29 out of nearly 24,000 class members were found not to be entitled to net damages after a jury trial. The appropriate course of action to ensure compliance with *Tyson Foods, Inc.* is to not award damages to those class members who were not damaged. It certainly is not appropriate to decertify a class for that reason.

As for the 487 Missouri-issued Form 94030 policy owners who never paid a COI charge that included a non-mortality charge or had such charges immediately refunded, they were excluded from the class before trial and no claim on their behalf was ever tried or submitted to the jury. Effectively, Plaintiffs abandoned any claims for these policy owners recognizing that they were not injured and State Farm did not oppose the abandonment. In fact, State Farm agreed that the class notice would be modified to state that "policy owners who did not suffer any harm" were excluded from the class. Now State Farm argues that all 24,000 class members who were injured should be denied the remedy found appropriate by the jury simply because 487 policy owners were technically included in the class certification definition, although their claims were abandoned before trial.

To the extent that there was any lack of clarity, the Court concludes that it is in the interest of fairness, common-sense, and efficiency to identify the 487 policy owners and exclude them from the class to avoid any technical dispute. Federal Rule of Civil Procedure 23(c)(1)(C) permits the court to modify the class definition before the entry of a final judgment and that includes after a trial on the merits. *Garcia v. Tyson Foods, Inc.,* 890 F. Supp. 2d 1273, 1297 (D. Kan. 2012) *aff'd,* 770 F.3d 1300 (10th Cir. 2014) (collecting authorities); *In re Urethane Antitrust Litigation,*

No. 04-1616, 2013 WL 2097346, at *2 (D. Kan. May 15, 2013), *amended*, 2013 WL 3879264 (D. Kan. July 26, 2013).[1]

### B. Whether There Is an Intra-Class Conflict Because Some COI Rates Would Rise Under Plaintiffs' Damages Theory

State Farm argues that Plaintiffs' damages theory will result in an increased COI rate for some policy owners going forward and therefore there is an intra-class conflict between short-term and long-term policy owners who are members of the class. In other words, some long-term policy owners may theoretically benefit from State Farm's breach of contract going forward.

State Farm's argument fails because this lawsuit will not set rates going forward and, as State Farm acknowledges, what State Farm will do in the future is merely conjecture. *See* Doc. 387 (State Farm's Reply in Support of Its Motion to Decertify the Class), p. 2. While it is expected that State Farm will comply with its contractual obligations going forward, it would be speculation to assume that including only mortality factors in its COI rates would result in increased premiums for State Farm's long term customers. What is not conjecture is that to date, nearly 24,000 class members received the benefit of their bargain by holding State Farm to its contractual agreement. Further, State Farm has always taken the position that it had discretion under the policy to set rates at any level, so long as they were under the guaranteed maximum in the policy, and this lawsuit only lowered that ceiling, to the benefit of all class members. Speculation about what might occur after final judgment is entered is not a basis for finding that an intra-class conflict currently exists.

---

[1] This matter will be addressed in the Court's order resolving Plaintiffs' motion to amend the judgment.

### C. Whether State Farm's Argument that It Pooled Its Mortality Rates Creates an Intra-Class Conflict

State Farm contends that it pooled its mortality rates and as a result, some members of the class will be disadvantaged by the Plaintiffs' damages theory, and therefore there is an intra-class conflict. It also argues that because it pooled its mortality rate, the named Plaintiff, Vogt, incurred no damages and therefore is not an adequate representative.

State Farm's argument fails because the jury found that it did not pool its mortality rates. The Court also rejects State Farm's argument that by proposing a damages theory that is not based on pooling, Plaintiffs created an intra-class conflict because the potential existed that some class members would be disadvantaged by a finding that State Farm did not pool its mortality factors. State Farm does not explain how arguing a fact that was found to be true creates an intra-party conflict. The class representative cannot be faulted for failing to argue a fact that was found untrue. Further, Plaintiffs' position was supported by the explanation in the actuarial memorandum that State Farm submitted to New Jersey regulators showing that the unpooled 88-91 SF table formed the basis for State Farm's COI charge calculations.

*  *  *

Finally, issues related to State Farm's other post-trial motions will be dealt with in the course of deciding those motions.

## III. Conclusion

For the reasons discussed above, State Farm's motion to decertify the class, Doc. 352, is denied.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: October 11, 2018  
Jefferson City, Missouri