IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL VOGT,
on behalf of himself and all others
similarly situated,

      Plaintiff,

  v.

STATE FARM LIFE
INSURANCE COMPANY,

      Defendant.

No. 2:16-cv-04170-NKL

**ORDER**

On June 6, 2018, a judgment of $33,333,495.81 was entered in favor of the class on Plaintiffs' claims for breach of contract and conversion. Plaintiffs now seek to alter or amend the judgment to add a class definition, to add prejudgment interest, and to reduce damages to account for class members who have opted out. Plaintiffs' Motion to Amend (Doc. 377) is granted in part and denied in part.

I.   **ANALYSIS**

    a.  **Class Definition**

Plaintiffs want the judgment amended to include the following class definition:

All persons who own or owned a universal life insurance policy issued by State Farm on Form 94030 in the State of Missouri. The Class excludes: State Farm; any entity in which State Farm has a controlling interest; any of the officers, directors, or employees of State Farm; the legal representatives, heirs, successors, and assigns of State Farm; anyone employed with Plaintiffs' counsel's firms; and any Judge to whom this case is assigned and his or her immediate family. The Class also excludes the owners of 487 policies that were not subject to overcharges alleged by Plaintiffs (identified in Exhibit A) and the 55 policy owners of 62 policies who timely requested exclusion from the class (identified in Exhibit B).

State Farm has no objection except for the request involving the 487 policyholders who suffered no damages because they never paid an overcharge or their overcharge was immediately refunded. State Farm contends that the presence of these policyholders in the definition of the class requires that the class be decertified because they lack standing. Doc. 353 (State Farm's Suggestions in Support of its Motion to Decertify the Class), pp. 4-5. But any claim by the 487 policyholders was abandoned by the Plaintiffs before trial, and was excluded from the class notice with the agreement of State Farm. Effectively, although not technically changed, the definition of the class was functionally modified prior to the trial. Under these circumstances, it is appropriate to formally amend the class definition to exclude the 487 policyholders pursuant to Federal Rule of Civil Procedure 23(c)(1)(C). This rule permits a court to modify the class definition before the entry of a final judgment, including after a trial on the merits. *Garcia v. Tyson Foods, Inc.,* 890 F. Supp. 2d 1273, 1297 (D. Kan. 2012) *aff'd,* 770 F.3d 1300 (10th Cir. 2014) (collecting authorities); *In re Urethane Antitrust Litigation,* No. 04-1616, 2013 WL 2097346, at *2 (D. Kan. May 15, 2013), *amended*, No. 04-1616, 2013 WL 3879264 (D. Kan. July 26, 2013).

State Farm also asks to amend the definition of the class to exclude State Farm's independent contractor insurance agents who own or owned insurance policies on policy form 94030. Plaintiffs do not object to this amendment and the Court sees no reason to deny State Farm's request. The final judgment therefore is amended to include the following definition of the class:

> All persons who own or owned a universal life insurance policy issued by State Farm on Form 94030 in the State of Missouri. The Class excludes: State Farm; any entity in which State Farm has a controlling interest; any of the officers, directors, or employees of State Farm; the legal representatives, heirs, successors, and assigns of State Farm; any State Farm independent contractor insurance agents; anyone employed with Plaintiffs' counsel's firms; and any Judge to whom this case is assigned and his or her immediate family. The Class also excludes the owners of 487 policies that were not subject to overcharges alleged by Plaintiffs (identified in

2

Exhibit A) and the 55 policy owners of 62 policies who timely requested exclusion from the class (identified in Exhibit B).

### b. Reduction of damage award to reflect opt-outs received after deadline

Plaintiffs seek to reduce the damages award to reflect that three class members opted-out after the commencement of the jury trial. State Farm agrees that the damages award should be reduced as requested. Therefore, the jury's award of $34,333,495.81 is reduced by $11,080.97, resulting in a total damages award of $34,322,414.84.

### c. Prejudgment Interest

Plaintiffs seek prejudgment interest for their breach of contract claim and their conversion claim. Prejudgment interest is authorized at a rate of nine percent per annum for a breach of contract claim if the amount of damages is liquidated and if no other rate is agreed upon by the parties. *See* Mo. Rev. Stat. § 408.020 ("Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts . . . ."). This statute also applies to Plaintiffs' conversion claim. *Stromberg v Moore,* 170 SW3d 26, 32 (Mo. App 2005) ("In action for conversion, [t]he rate of allowable interest is that prescribed by Section 408.020"). For the conversion claim, there must also be a demand for payment and "the judgment or order [must exceed] the demand for payment . . . ." Mo. Rev. Stat. § 408.040.

"[T]he burden is on the party seeking to avoid application of Section 408.020 to establish that the parties agreed to an alternative arrangement." *G & G Mechanical Contractors, Inc. v. Jeff City Industry, Inc.*, No. WD80840, 2018 WL 1384503, at *2 n.4 (Mo. App. Mar. 20, 2018).

State Farm opposes the prejudgment interest request for three primary reasons. First, it argues that the amount of damages was not liquidated because the method for calculating damages was disputed by the parties. Second, it contends that prejudgment interest was already included in

3

the jury's damages award because Plaintiffs' expert's damages model added interest of more than 10 million dollars to the class members' accounts.  Third, according to State Farm, the insurance policy in dispute included a rate of interest of four percent and Section 408.020 specifically provides that the nine percent statutory prejudgment interest is only permitted if the parties have not agreed to a different rate of interest.

As to the third argument, Plaintiffs respond that the contract only sets a minimum rate of interest and therefore the parties did not agree to the actual rate of interest to be applied.  Further, even if they did agree to a specific rate of interest for purposes of Section 408.020, Plaintiffs claim to be entitled to five percent more in interest to make up the difference between the four percent minimum to which they agreed and the nine percent interest rate authorized by Section 408.020.

The Court rejects Plaintiffs' arguments because the parties agreed to a rate of interest in their contract.  The policy provides for a minimum rate of interest.  State Farm has discretion, but no obligation, to exceed the minimum interest rate.  The rate of interest to be paid thus is controlled by the terms of the contract.

Because the evident purpose of Section 408.020 is to provide for statutory interest only when the parties have failed to set the rate of interest in their contract, the fact that the exact numerical amount of interest is not stated does not mean that the rate was not addressed in the contract.  While there is no case on point, *Manfield v. AuditoriumB & Grill Inc.*, 965 S.W.2d 262, 269 (Mo. App. 1998), is instructive.  In that case, the Missouri Court of Appeals found that no prejudgment interest was permitted because the contract between the parties provided for zero percent interest.  The Missouri Court of Appeals found that this showed that the parties did not intend interest at a different rate.

Here, the parties agreed that the interest would be no less than four percent, necessarily leaving to State Farm the right to set the rate of interest higher. Therefore, the contract addressed whether interest was payable and how that interest rate would be determined. Reading Section 480.020 as meaning that providing for a minimum interest rate does not by contract resolve the interest to be paid is inconsistent with the purpose of the statute.

Because the Court finds that Section 480.020 precludes prejudgment interest in this case, it will not address State Farm's other arguments as to why prejudgment interest should not be awarded.

   d. **Post-Judgment Interest**

Plaintiffs seek post-judgment interest at the rate of 2.23% compounded annually from the date of the entry of judgment, June 6, 2018. State Farm has no objection. Therefore, the judgment is amended to provide post-judgment interest at the rate of 2.23%, compounded annually beginning June 6, 2018 until paid.

   e. **Plaintiffs' Plan of Allocation.**

Plaintiffs ask the Court to approve Plaintiffs' plan for allocating the damages awarded by the jury. They seek to have the damages distributed among the class members in proportion to their losses after deducting attorneys' fees and non-taxable expenses that might be awarded to class counsel, and any service award that might be given to Mr. Vogt. They ask the Court to use Exhibit D to determine the losses sustained by each class member. Exhibit D reflects Dr. Witt's lost Account Value calculation shown in Plaintiffs' Exhibit 242 with a modification to reflect the six excluded policy holders who asked to be excluded after trial commenced. Plaintiffs propose to determine the pro-rata share of each class member by using a fraction where the numerator is each class member's lost account value as stated in Exhibit D plus each class member's share of post –

5

Case 2:16-cv-04170-NKL   Document 404   Filed 10/11/18   Page 5 of 7

judgment interest and the denominator is the total damages awarded by the jury plus post-judgment interest awarded by the Court. The total amount of damages and post judgment interest (after deduction of any attorneys' fees and any non-taxable expenses and any service award to Mr. Vogt that the Court may award) is then multiplied by this fraction to determine the award for each class member. This calculation necessarily assumes that each class member will bear a pro-rata share of fees and expenses, which the Court finds fair and reasonable. It also ensures that no class member receives a share if they did not incur any loss in their account value.

Because State Farm cannot contest the method of allocation (*see Bouaphakeo v Tyson Foods, Inc.*, 593 Fed. Appx. 578, 586 (8th Cir. 2014)), and because the Court finds that the method of allocation is fair and reasonable, the plan of allocation is approved.

Plaintiffs also ask for the appointment of Angeion Group to oversee the distribution of net funds to the class. Given their prior involvement and recent experience communicating with the class, the Court finds that they should be appointed as requested.

Finally, Plaintiffs seek to shift to State Farm the administrative cost of distributing damages to each class member. Plaintiffs' request is denied without prejudice. As State Farm says, if Plaintiffs' request were granted, it would give Plaintiffs' a blank check because the costs of distribution have not even been estimated. Moreover, the request is not even limited to the reasonable costs incurred by the administrator.

## II. **CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to amend the judgment is granted in part and denied in part. The class definition is amended to read as follows:

> All persons who own or owned a universal life insurance policy issued by State Farm on Form 94030 in the State of Missouri. The Class excludes: State Farm; any entity in which State Farm has a controlling interest; any of the officers, directors, or employees of State Farm; the legal representatives, heirs, successors, and assigns

6

Case 2:16-cv-04170-NKL   Document 404   Filed 10/11/18   Page 6 of 7

of State Farm; any State Farm independent contractor insurance agents; anyone employed with Plaintiffs' counsel's firms; and any Judge to whom this case is assigned and his or her immediate family. The Class also excludes the owners of 487 policies that were not subject to overcharges alleged by Plaintiffs (identified in Exhibit A) and the 55 policy owners of 62 policies who timely requested exclusion from the class (identified in Exhibit B).

The jury's award is reduced to $34,322,414.84. The judgment is amended to provide post-judgment interest at the rate of 2.23%, compounded annually beginning June 6, 2018 until paid. Plaintiff's proposed method of allocation and the proposal to appoint Angeion Group to oversee the distribution of net funds to the class each are approved. Plaintiffs' request for additional prejudgment interest is denied without prejudice.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: October 11, 2018
Jefferson City, Missouri