**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | |
|---|---|
| MICHAEL VOGT, <br> on behalf of himself and all others <br> similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM LIFE <br> INSURANCE COMPANY, <br><br> Defendant. | Case No. 2:16-cv-04170-NKL |

**STATE FARM'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>APPLICATION OF PREJUDGMENT INTEREST</u>**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 3 |
| III. | ARGUMENT | 4 |
| | A. The Eighth Circuit did not resolve the threshold prejudgment interest issues in its opinion. | 4 |
| | B. Prejudgment interest is not available because damages were a genuinely disputed issue throughout the trial, thus precluding any possible calculation by State Farm until the jury reached its decision. | 6 |
| | C. Plaintiff is not entitled to prejudgment interest because he did not comply with statutory requirements to recover prejudgment interest on a conversion judgment. | 10 |
| | D. Plaintiff's calculations improperly award prejudgment interest to policies that remain in force. | 11 |
| IV. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barfield v. Sho-Me Power Electric Coop.*,
  No. 2:11-cv-04321-NKL, 2015 WL 12803460 (W.D. Mo. June 1, 2015) ................................ 9

*Barkley, Inc. v. Gabriel Bros., Inc.*,
  829 F.3d 1030 (8th Cir. 2016) .......................................................................................... 1, 6

*Borchers v. Comm'r*,
  943 F.2d 22 (8th Cir. 1991) ................................................................................................. 5

*Children Int'l v. Ammon Painting Co.*,
  215 S.W.3d 194 (Mo. Ct. App. 2006) ................................................................................. 9

*City of Sullivan v. Truckstop Restaurants, Inc.*,
  142 S.W.3d 181 (Mo. Ct. App. 2004) ................................................................................. 8

*Commercial Union Assur. Co. of Australia, Melbourne v. Hartford Fire Ins. Co.*,
  86 F. Supp. 2d 921 (E.D. Mo. 2000) ................................................................................... 6

*Golinveaux v. United States*,
  915 F.3d 564 (8th Cir. 2019) ............................................................................................... 5

*Gray v. FedEx Ground Package Sys., Inc.*,
  No. 4:06-CV-00422 JAR, 2014 WL 4386125 (E.D. Mo. Sept. 5, 2014) ............................. 9

*Health Care Found. of Greater Kansas City v. HM Acquisition, LLC*,
   507 S.W.3d 646 (Mo. Ct. App. 2017) ...................................................................9

*In re Lauer*,
   371 F.3d 406 (8th Cir. 2004)................................................................................1

*Landmark Infrastructure Holding Co., LLC v. R.E.D. Investments, LLC*,
   933 F.3d 906 (8th Cir. 2019)..............................................................................10

*Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*,
   737 F.3d 1188 (8th Cir. 2013)...........................................................................7, 9

*MECO Sys., Inc. v. Dancing Bear Entm't, Inc.*,
   42 S.W.3d 794 (Mo. Ct. App. 2001) .................................................................12

*Nucor Corp. v. Nebraska Pub. Power Dist.*,
   891 F.2d 1343 (8th Cir. 1989)..........................................................................7, 8

*Ritter Landscaping, Inc. v. Meeks*,
   950 S.W.2d 495 (Mo. Ct. App. 1997) .................................................................9

*Schreibman v. Zanetti*,
   909 S.W.2d 692 (Mo. Ct. App. 1995) ...................................................... 1, 7, 11

*Singleton v. Wulff*,
   428 U.S. 106 (1976) .........................................................................................2, 4

*Soto v. Costco Wholesale Corp.*,
   502 S.W.3d 38 (Mo. Ct. App. 2016) .................................................................10

*Twin River Const. Co. v. Pub. Water Dist. No. 6*,
   653 S.W.2d 682 (Mo. Ct. App. 1983) .................................................................6

*U.S. Fid. & Guar. Co. v. Concrete Holding Co.*,
   168 F.3d 340 (8th Cir. 1999)................................................................................4

*U.S. Fidelity & Guar. Co. v. Concrete Holding Co.*,
   149 F.3d 1189, 1998 WL 1189 (8th Cir. 1998) ...................................................5

*Union Pac. R. Co. v. Carrier Consultants, Inc.*,
   973 S.W.2d 500 (Mo. Ct. App. 1998) ...............................................................10

*Vogt v. State Farm Life Ins. Co.*,
   963 F.3d 753 (8th Cir. 2020)......................................................................2, 4, 5

   **Statutes**

Mo. Rev. Stat. § 408.040.3........................................................................................ 10, 11

Mo. Rev. Stat. § 510.270.................................................................................................12

## I. INTRODUCTION

Plaintiff's request for prejudgment interest should be denied. Plaintiff has not met his burden to establish that the awarded damages were "liquidated." Damages are deemed not liquidated when the method used to calculate damages or the damages themselves were disputed. *Barkley, Inc. v. Gabriel Bros., Inc.*, 829 F.3d 1030, 1040 (8th Cir. 2016) ("[D]amages claims are not liquidated when the method used to calculate damages was a genuinely disputed issue."); *see also In re Lauer*, 371 F.3d 406, 412–13 (8th Cir. 2004) ("When the measure of damages in a tort case is contested, the damages are not readily ascertainable and prejudgment interest may not be awarded."). Damages were hotly contested in this case, as was the method used to calculate them—indeed, the parties went to trial on these very issues. In fact, Plaintiff disclosed new damages models only days before trial and presented *four different* models to the jury. The fact that the jury ultimately adopted one of the models and awarded damages does not demonstrate that the methodology was uncontested. Rather, it demonstrates that a jury verdict was necessary in order for the damages to be calculable and liquid. Well-established Missouri law provides that prejudgment interest is impermissible under such circumstances.

Even if this Court finds that the damages were liquidated, prejudgment interest is still precluded as a matter of law because the prerequisites for an award of prejudgment interest on a conversion claim were not met. Damages for the breach of contract claim and the tort claim (conversion) merged into a single jury award. Where that happens, Missouri law permits prejudgment interest on the final merged award only if the plaintiff meets the requirements for prejudgment interest in a tort claim. *See Schreibman v. Zanetti*, 909 S.W.2d 692 (Mo. Ct. App. 1995) (where breach of contract and tort claims merged in a single verdict, plaintiff must satisfy requirements for prejudgment interest on tort claim). And here, that did not occur—as Plaintiff concedes—because he did not comply with the demand requirement for prejudgment interest on a

tort claim. (8th Cir. (18-3419) Doc. 4801218 (Plaintiff's Reply Brief) at 6 n.2 ("Plaintiffs agree that prejudgment interest is not available under these circumstances on their claims for conversion.")).

Contrary to Plaintiff's position in this motion, the Eighth Circuit did not decide this issue. The sole issue before the Eighth Circuit on this point was the correctness of this Court's ruling that Section 408.020 precludes prejudgment interest. This Court expressly did not reach or decide the other prerequisites for prejudgment interest, and neither did the Eighth Circuit. In fact, Plaintiff agreed before the Eighth Circuit that the liquidated damages issues were not decided and recommended in his final brief that it "should be decided by the district court in the first instance on remand…" (*Id.* at 3). This Court expressly reserved judgment on the other issues as to prejudgment interest.[1] Consistent with this reservation, the Eighth Circuit did not order an award of prejudgment interest but rather *remanded* the matter to the district court with guidance that the *rate* of any award should be the contractually agreed upon rate of 4%. *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 776 (8th Cir. 2020). In so doing, the Eighth Circuit held only that this Court erred in its interpretation of Section 408.020 and did not decide the necessary liquidated damages issue or any other threshold question *sub silentio*. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below.").

At the very least, Plaintiff's claim for prejudgment interest, if granted, must be reduced because it does not comport with Missouri law, for the simple reason that the jury verdict already included interest at the policy rate to 11,322 policyholders (those whose policies continue in force),

---

[1]: "Because the Court finds that Section 408.020 precludes prejudgment interest in this case, it will not address State Farm's other arguments as to why prejudgment interest should not be awarded." Doc. 404 at 5.

2

and Missouri law prohibits those plaintiffs from recovering interest in an amount different than what the jury awarded. If this Court considers Plaintiff's request for prejudgment interest at all, despite the above obstacles, Plaintiff's calculation must be reduced by $443,821.93.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The Policy specified that interest would accrue on values in the policyholder's account at "an interest rate of at least 4 percent a year." Doc. 1-1 (Policy) at 10. Plaintiff contended that State Farm deducted more than it was entitled to for cost of insurance to the detriment of the class. The damages claimed by Plaintiff and the class included the amount of money that was allegedly improperly deducted, and the interest that would have been earned on those deducted funds at the agreed upon policy rate, compounded over time.

The method, existence, and amount of damages were contested by the parties throughout discovery and were the centerpiece of the trial. Plaintiff did not allege a specific amount of damages in his complaint and did not answer interrogatories about the amount of his damages. (Doc. 385-01 (Interrogatories) at Nos. 6, 12, 14, and 15.) In his January 2018 damages report and June 2018 damages evidence presented to the jury, Plaintiff's expert, Scott Witt, did not differentiate between alleged overcharges and interest that he applied at the agreed upon policy rate. "Both of those are embedded in the lost account value." (Tr. Transcript Vol. II at 197:12-18.)

State Farm contested Mr. Witt's damages model, asserting that it created an invalid "mortality-only" rate, failed to apply a consistent cost of insurance rate to all policyholders, failed to differentiate between policyholders due to tobacco use, ignored the payment of death benefits to policyholders who died before suit, and applied as many as 26 separate rates to policyholders of the same age, sex, and applicable rate class. These errors, State Farm's experts explained, rendered Mr. Witt's model wholly unreliable as a determination of damages. Almost two years after the lawsuit began, and just a few weeks before trial, Plaintiff created new expert trial exhibits

3

that would give the jury three alternative damages amounts.

In awarding Plaintiff damages, the jury rejected Plaintiff's request for $35,285,901.22 and awarded the alternative damages amount set forth in Plaintiff's Exhibit 242. As quantified in the declaration of Dr. Anne Gron, at least $10.3 million of the $34.3 million in damages awarded by the jury consisted of interest at the agreed upon policy rate. Doc. 385-02 (Gron Dec.) at ¶ 10.

This Court previously held that "Section 408.020 precludes prejudgment interest in this case." The Court expressly reserved judgment on State Farm's other arguments, including those regarding liquidated damages, interest upon interest, disturbing the jury award, and failure to comply with the demand requirements for prejudgment interest for conversion. *See* note 1, *supra*. The Eighth Circuit reversed this Court's conclusion that Section 408.020 precludes prejudgment interest and remanded for reconsideration of the motion. *Vogt*, 963 F.3d at 777.

### III. ARGUMENT

#### A. The Eighth Circuit did not resolve the threshold prejudgment interest issues in its opinion.

It is long settled that federal appellate courts do not resolve issues unless they are first decided in the District Court. *See Singleton*, 428 U.S. at 120 ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed on below."). The threshold questions presented in this opposition were raised in this Court previously but expressly *not* decided. "Because the Court finds that Section 408.020 precludes prejudgment interest in this case, it will not address State Farm's other arguments as to why prejudgment interest should not be awarded." Doc. 404 at 5. Nor were they decided by the Eighth Circuit.

"It is axiomatic that an appellant's brief on appeal fixes the scope of the issues to be reviewed on appeal." *U.S. Fid. & Guar. Co. v. Concrete Holding Co.*, 168 F.3d 340, 342 (8th Cir. 1999). In his primary brief on the cross-appeal, Plaintiff did *not* ask the Eighth Circuit to determine

4

that the damages in this case were liquidated. Instead, Plaintiff's opening brief expressly urged "the issue should be remanded for the district court to decide if the claims were liquidated." (8th Cir. Doc. 4773072 (Plaintiff's Principal Brief on Cross-Appeal) at 72.) Plaintiff's counsel reiterated this request in their reply brief on the cross appeal. (8th Cir. Doc. 4801218 at 3.) This is precisely what the Eighth Circuit did.

If the Eighth Circuit had resolved these threshold issues, it would have remanded with direction to *award* prejudgment interest. *See, e.g., U.S. Fidelity & Guar. Co. v. Concrete Holding Co.*, 149 F.3d 1189, 1998 WL 1189 at *1 (8th Cir. 1998) (per curiam, unpublished) (remanding "to the district court *with instructions to award* appropriate prejudgment interest") (emphasis added). Instead, the Eighth Circuit "reversed and remanded for reconsideration consistent with this analysis." *Vogt*, 963 F.3d at 777. In other words, the Eighth Circuit disagreed with this Court on the interpretation of Section 408.020 and gave direction on the rate that would apply (4%) *should the motion be granted on reconsideration*.

Plaintiff is incorrect that State Farm somehow waived its argument on this issue by excluding it from its Eighth Circuit petition for rehearing. Last year, the Eighth Circuit expressly rejected application of inferences from the contents of the parties' rehearing petitions. "[T]he only inference from a summary denial of rehearing is that the decision stands." *Golinveaux v. United States*, 915 F.3d 564, 568 n.2 (8th Cir. 2019). The contents of State Farm's Petition for Rehearing consequently have no bearing on the analysis.

On remand, then, this Court "is free to revisit any issue [the Eighth Circuit] did not expressly or impliedly decide." *Borchers v. Comm'r*, 943 F.2d 22, 23 (8th Cir. 1991). The Eighth Circuit did not decide that the damage award was liquidated, or that the merger of the conversion damages with the breach of contract damages relieved the Plaintiff from the statutory requirements

5

to recover prejudgment interest on a tort claim. These significant unanswered threshold questions are ripe for this Court's consideration on remand. Consistent with the Eighth Circuit opinion, *if* prejudgment interest can be awarded, it can be awarded *only* at the 4 percent rate and *only* for those policies that had been terminated.

**B. Prejudgment interest is not available because damages were a genuinely disputed issue throughout the trial, thus precluding any possible calculation by State Farm until the jury reached its decision.**

As the Eighth Circuit has observed, Missouri courts have held "that damages claims are not liquidated when the method used to calculate damages was a genuinely disputed issue." *Barkley, Inc.*, 829 F.3d at 1040. More specifically, "Missouri courts have held that '[i]n determining whether prejudgment interest should be awarded, the significant questions are whether and when the amount due became 'liquidated.'" *Commercial Union Assur. Co. of Australia, Melbourne v. Hartford Fire Ins. Co.*, 86 F. Supp. 2d 921, 931 (E.D. Mo. 2000) (quoting *Twin River Const. Co. v. Pub. Water Dist. No. 6*, 653 S.W.2d 682, 695 (Mo. Ct. App. 1983). The record is clear in this case that the method used to calculate damages was genuinely disputed, State Farm's position was supported by evidence, State Farm never agreed that Witt's method of calculating damages was proper, and the amount of damages was not ascertainable by simple computation.

Up through and during trial, there was a contentious debate regarding Plaintiff's various proposed damages models. Two weeks before trial, Plaintiff produced three new damages models that sought to correct the fatal and fundamental flaws in his original model. Each model used different assumptions: the original model assumed that the class members were entitled to cost of insurance deductions and damages calculated using *either* State Farm's rate *or* the Plaintiff's replacement rate. One of the three replacement models calculated damages using the Plaintiff's replacement rate consistently. Two of the replacement models calculated damages using a *different*

6

replacement rate. State Farm was prepared to argue that the rate it charged to all Missouri policyholders was proper.

After the Court entered partial summary judgment on June 2, 2018, State Farm disputed whether any policyholder suffered damages *at all*, as they were all charged less than the guaranteed maximum COI rate, all those insured who died while the policy was in-force recovered full death benefits, and Plaintiff's proposed rates were in many instances *higher* than State Farm's actual rates. These positions were supported by evidence. See Tr. Transcript Vol II at 165:23-169:6, Vol. III at 317:22-319:13 (evidence of payment of death benefits); Tr. Transcript Vol. II at 187:3-189:8 (evidence that the replacement rates Plaintiff was proposing were higher than State Farm's own rates). It was not until the jury returned its verdict that damages, if any, were ascertainable and liquidated. Indeed, the jury rejected the model originally sponsored by Plaintiff's expert in favor of an alternative methodology and a lower amount in Exhibit 242.

Where a plaintiff's damages theory changed over the course of the litigation, prejudgment interest is not available because the defendant could not determine the amount owed. *See Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1197 (8th Cir. 2013); *see also Schreibman*, 909 S.W.2d 692 ("[Plaintiff's] claim for damages … was not liquidated. The parties did not agree as to the measure of damages; indeed, it was a hotly-contested issue.").

This case is strikingly similar to *Nucor Corp. v. Nebraska Pub. Power Dist.*, 891 F.2d 1343, 1362 (8th Cir. 1989), in which the Eighth Circuit summarily rejected a contention that a rate challenge case like this one had liquidated damages.[2] The plaintiff in *Nucor*, like the Plaintiff here, claimed that the rate charged was unfair and involved "incorrect, improper, and unfair methods to

---

[2] The Eighth Circuit in *Nucor* applied Nebraska law, but in Nebraska, like Missouri, "prejudgment interest may only be recovered on claims which are liquidated." *Nucor Corp*, 891 F.2d at 1352.

7

allocate costs." *Id.* at 1345. The Eighth Circuit concluded "the design of rates is not an exact science" and because it "was not possible to compute the amount of damages here with exactness without reliance upon opinion or discretion," the damage award was not liquidated. *Id.* at 1362. In this case, the *entire trial* was about the design of rates and whether the rates State Farm designed and used caused damages to any policyholder. And as in *Nucor*, the amounts owed were not sufficiently ascertainable to support an award of prejudgment interest under Missouri law.

Although Plaintiff did not brief the issue in their motion, Plaintiff has previously relied upon *City of Sullivan v. Truckstop Restaurants, Inc.*, 142 S.W.3d 181, 195–196 (Mo. Ct. App. 2004) to support the contention that the damages were liquidated in this case. Although there are superficial similarities between the cases (multiple damages models chief among them), *City of Sullivan* does not support an award of prejudgment interest here and instead demonstrates why prejudgment interest would be improper. In *City of Sullivan*, the defendant utility had three separate rate classes to which the Plaintiff could have belonged – "residential dwelling," "commercial dwelling," and "industrial user." *Id.* at 185. The plaintiff's expert presented four damages models that incorporated these three readily ascertained rate classes in making its computations. *Id.* But unlike here, in *City of Sullivan* "there was no serious dispute as to the method of computing rate overcharges." *Id.* at 190.

Notably, the Missouri Court of Appeals, in awarding prejudgment interest, distinguished *Nucor* because *City of Sullivan* was not a case where the question was "whether the rates themselves were improper." *Id.* at 196. This question, not at issue in *City of Sullivan*, is at the core of this case. And this question was not resolved until this Court's June 2, 2018 summary judgment order, and the amount of resulting damages was not liquidated or ascertainable until the jury reached its verdict. As in *Macheca Transportation Co.*, the Plaintiff's claims for damages

8

"vacillated over the course of this litigation, leaving [the insurer] unable to determine the amount owed." *Macheca Transp. Co.*, 737 F.3d at 1197.

Many Missouri courts have concluded that prejudgment interest is improper in these circumstances. *See Gray v. FedEx Ground Package Sys., Inc.*, No. 4:06-CV-00422 JAR, 2014 WL 4386125, at *2 (E.D. Mo. Sept. 5, 2014) (disallowing prejudgment interest where parties "vigorously disputed the proper theory and measure of these damages, as well as the proper calculation of damages per the methodology of Plaintiffs' expert"); *accord Ritter Landscaping, Inc. v. Meeks*, 950 S.W.2d 495 (Mo. Ct. App. 1997); *see also Barfield v. Sho-Me Power Electric Coop.*, No. 2:11-cv-04321-NKL, 2015 WL 12803460, *2-3 (W.D. Mo. June 1, 2015) (when "the measure of damages [is] disputed between the Parties up to and during trial [prejudgment interest should not be awarded]"), *vacated and remanded on other grounds*, 852 F.3d 795 (8th Cir. 2017)*; Health Care Found. of Greater Kansas City v. HM Acquisition, LLC*, 507 S.W.3d 646 (Mo. Ct. App. 2017) (because damages were not sufficiently ascertainable at the moment of demand – in this case the commencement of litigation – an award of prejudgment interest was improper). This Court should reach the same conclusion.

The amount due in this case did not become "liquidated" until the verdict was entered. To award prejudgment interest here would imply that State Farm should have paid an unknown, as-of-yet undetermined estimate of disputed damages without resolution by the jury of the proper methodology. *Children Int'l v. Ammon Painting Co.*, 215 S.W.3d 194 (Mo. Ct. App. 2006) ("There was no obligation to pay an estimate"). Because damages were plainly in dispute at trial and not ascertainable at the time of the alleged breach or any time until the verdict, Missouri law does not support an award of prejudgment interest.

9

**C. Plaintiff is not entitled to prejudgment interest because he did not comply with statutory requirements to recover prejudgment interest on a conversion judgment.**

Even if the damages were liquidated (they are not), prejudgment interest is nonetheless improper because Plaintiff failed to establish he is entitled to prejudgment interest for a **general** verdict encompassing both tort and contract claims. The case was tried on both a contract theory and a tort theory, and the jury was given a unitary damages instruction. The jury was not asked to, and did not, award different amounts on each claim. *Cf. Landmark Infrastructure Holding Co., LLC v. R.E.D. Investments, LLC*, 933 F.3d 906, 911 (8th Cir. 2019) (noting that evidence could support rational allocation of damages between two different causes of action in contract and tort). Given that the jury rendered a general damages verdict on both contract and tort claims (and Plaintiff seeks prejudgment interest on that general verdict), the Court cannot distinguish the award of damages between the two claims.

Accordingly, regardless of whether he can establish entitlement to prejudgment interest under Section 408.020, Plaintiff must also comply with statutory requirements to obtain prejudgment interest for his tort claims under Section 408.040. Mo. Rev. Stat. § 408.040.3 provides that "in tort actions, *if a claimant has made a demand for payment of a claim or an offer of settlement of a claim*, to the party, parties . . . and the amount of the judgment or order exceeds the demand for payment or offer of settlement, then prejudgment interest shall be awarded . . ." Mo. Rev. Stat. § 408.040.3 (emphasis added). The statute lists four requirements for a demand or offer, none of which has been met here. "The demand procedure in 408.040.2, RSMo 1994, represents the **only available procedure for obtaining prejudgment interest in a tort claim**." *Union Pac. R. Co. v. Carrier Consultants, Inc.*, 973 S.W.2d 500, 503 (Mo. Ct. App. 1998) (emphasis added). *See also Soto v. Costco Wholesale Corp.*, 502 S.W.3d 38, 56–7 (Mo. Ct. App. 2016) (408.040 applies to tort claims whereas 408.020 applies *only* to breaches of written

10

contracts).

In *Schreibman v. Zanetti*, the Missouri Court of Appeals confronted a general verdict like the one entered here, which merged the damages for both breach of contract claims and tort claims (conversion and fraud). *Schreibman*, 909 S.W.2d at 704. The Court of Appeals held that in order to recover prejudgment interest for his tort claim, the prevailing party must comply with Section 408.040, which authorizes prejudgment interest "in tort actions." Just as here, the Plaintiff in *Schreibman* "did not establish that he complied with this statute. He [did] not even mention it." *Id*. at 705. Because of this failure, the court found that even if the plaintiff's damages were liquidated, prejudgment interest was improper because the Plaintiff had failed to meet his burden to establish compliance with the requirements of § 408.040.2. *Id.*

This case presents the same issue and warrants the same result. "Plaintiffs agree that prejudgment interest is not available under these circumstances on their claims for conversion." (8th Cir. Doc. 4801218 (Pl. Reply Brief) at 6 n.2.) Plaintiff has not complied with Section 408.040's requirements and admits no prejudgment interest can be awarded on his conversion claim. Because the damages awarded by the jury include an award for conversion, there can be no prejudgment interest – just as the *Schreibman* court recognized.

### D. Plaintiff's calculations improperly award prejudgment interest to policies that remain in force.

Even if the Court finds that prejudgment interest is available despite the above obstacles, only policyholders whose policies were terminated or surrendered prior to trial would be entitled to prejudgment interest. Plaintiff's prejudgment interest calculations improperly seek an award of prejudgment interest for all policyholders in the class.

The amount of interest already encompassed in the $34.3 million verdict is at least $10.3 million. Doc. 385-02 (Gron Dec.) at ¶ 10. Under Missouri law, Plaintiff is bound by the amount

11

of prejudgment interest awarded by the jury and cannot obtain a second award of prejudgment interest from the Court. Mo. Rev. Stat. § 510.270 (in an action to recover money in a jury tried case, plaintiff is bound by the amount awarded). To allow otherwise would violate the "well-settled rule in Missouri that a party cannot be compensated for the same injury twice." *MECO Sys., Inc. v. Dancing Bear Entm't, Inc.*, 42 S.W.3d 794, 810–11 (Mo. Ct. App. 2001).

It is straightforward to identify the policies that remained in force at the time of the trial. Mr. Witt's Declaration has a "Term Date" for all the policies in its Exhibit 1 (Doc. 423-1). All those policies that remained in force at the time of the trial are shown as having a term date of 0001-01-01. There are 11,322 policies with a term date of 0001-01-01, to which Mr. Witt allocates $443,821.93 in additional prejudgment interest. This addition of interest impermissibly disturbs the jury's damages award as to the current policyholders. Should the Court determine that prejudgment interest is appropriate, the amount of prejudgment interest should be reduced by $443,821.93.

## IV.     CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court deny Plaintiff's Motion for Prejudgment Interest.

13

Respectfully submitted,

**STINSON LLP**

By:    /s/ *Jeremy A. Root*

      Jeremy A. Root, MO Bar # 59451
      230 W. McCarty Street
      Jefferson City, Missouri 65101
      (573) 636-6263 (Telephone)
      (573) 636-6231 (Facsimile)
      jeremy.root@stinson.com

      Todd A. Noteboom (*pro hac vice*)
      William L. Greene (*pro hac vice*)
      50 S. 6th St, Unit 2600
      Minneapolis, MN 55402
      (612) 335-1500 (Telephone)
      todd.noteboom@stinson.com
      william.greene@stinson.com

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed with the Court's ECF system on September 28, 2020, which provided notice to the following counsel of record:

    Patrick J. Stueve MO Bar # 37682
    Norman E. Siegel MO Bar # 44378
    Ethan M. Lange MO Bar # 67857
    Lindsay Todd Perkins MO Bar #60004
    460 Nichols Road, Suite 200
    Kansas City, Missouri 64112
    Telephone: 816-714-7100
    Facsimile: 816-714-7101
    Email: stueve@stuevesiegel.com
    Email: siegel@stuevesiegel.com
    Email: lange@stuevesiegel.com
    Email: perkins@stuevesiegel.com

    - And –

    John J. Schirger MO Bar # 60583
    Matthew W. Lytle MO Bar # 59145
    Joseph M. Feierabend MO Bar # 62563
    4520 Main Street, Suite 1570
    Kansas City, Missouri 64111
    Telephone: 816-561-6500
    Facsimile: 816-561-6501
    Email: jschirger@millerschirger.com
    Email: mlytle@millerschirger.com
    Email: jfeierabend@millerschirger.com

    /s/ *Jeremy A. Root*