**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

|  |  |
|---|---|
| MICHAEL VOGT,<br>on behalf of himself and all others<br>similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE FARM LIFE<br>INSURANCE COMPANY,<br><br>        Defendant. | No. 2:16-cv-04170-NKL |

**ORDER**

By an opinion entered June 26, 2020, the Eighth Circuit reversed in part this Court's order on Plaintiffs' motion for an award of prejudgment interest (Doc. 377) and remanded "for reconsideration, consistent with th[e] analysis" in that opinion. *Vogt v. State Farm Life Ins. Co.*, 963 F.3d 753, 777 (8th Cir. 2020). Now, following remand, Plaintiffs have filed a motion for application of prejudgment interest consistent with the Eighth Circuit's opinion. Doc. 423. State Farm Life Insurance Company opposes the motion for prejudgment interest, arguing that the Eighth Circuit opinion does not compel an award of prejudgment interest, but instead leaves open issues concerning Plaintiffs' entitlement to prejudgment interest, and that those threshold issues warrant denial of prejudgment interest.

For the reasons discussed below, Plaintiffs' motion for prejudgment interest is granted.

## I. DISCUSSION

### a. Whether the Eighth Circuit's Ruling Requires an Award of Prejudgment Interest

The first question before the Court is the scope of the prejudgment issue following remand by the Eighth Circuit. Plaintiffs argue that the Eighth Circuit has "held 'that the policy holders *are entitled* to prejudgment interest at the contractual rate of 4% up until the date of judgment . . . .'" Doc. 431, p. 2 (quoting *Vogt*, 963 F.3d at 776). State Farm, in contrast, contends that the Eighth Circuit did not rule that the Court must award Plaintiffs prejudgment interest because the Eighth Circuit did not address the issue of whether damages were liquidated. State Farm argues that, "[i]f the Eighth Circuit had resolved these threshold issues, it would have remanded with direction to *award* prejudgment interest," and that, instead, the Eighth Circuit only reversed and remanded "for reconsideration consistent with [its] analysis." Doc. 430, p. 5.

> In its June 26, 2020 opinion, the Eighth Circuit decided the prejudgment issue as follows:
>
> Although we conclude the district court correctly denied Vogt's request for prejudgment interest at the statutory rate, Vogt is entitled to prejudgment interest at the 4% rate contained in the contract. . . . We agree with Vogt that the policyholders are entitled to prejudgment interest at the contractual rate of 4% up until the date of judgment, not merely up until the date of termination or surrender. We further agree with Vogt that the damages model does not include the 4% interest rate beyond the date of termination or surrender of a given policy. Because the damages model does not include prejudgment interest for the entire time up until judgment, the district court erroneously denied Vogt's motion for an award of prejudgment interest. Accordingly, we reverse and remand to the district court for reconsideration of the motion, consistent with this analysis.

*Vogt*, 963 F.3d at 776–77. The Eighth Circuit did not reference, let alone address, State Farm's argument that Plaintiffs were not entitled to prejudgment interest because the damages were not liquidated.

State Farm argues that, because Plaintiffs' opening brief on the cross-appeal did not ask the Eighth Circuit to determine that the damages were liquidated, that issue was not before the

Eighth Circuit and could not have been resolved by the Court. Plaintiffs did argue in their opening brief that "the issue should be remanded for the district court to decide if the claims were liquidated." Plaintiffs' Answer Brief and Principal Brief on Cross-Appeal, filed in Eighth Circuit April 2, 2019, at 72. However, in its response on appeal, State Farm expressly argued, *inter alia*, that Plaintiffs were not entitled to prejudgment interest because "the record establishes as a matter of law that damages were not liquidated." State Farm Response and Reply, filed in Eighth Circuit June 3, 2019, p. 52. Plaintiffs replied that "the issue of whether damages were liquidated should be decided by the district court in the first instance on remand because the district court is most familiar with the record on how damages were calculated." Plaintiffs' Reply, filed in Eighth Circuit June 25, 2019, p. 3. Still, Plaintiffs stated, "Because State Farm has asked this Court to decide this issue, . . . plaintiffs address it here." *Id.* The issue thus was briefed by both parties before the Eighth Circuit.

"The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases." *Singleton v. Wulff*, 428 U.S. 106, 121 (1976). In the June 26, 2020 opinion, the Eighth Circuit framed the prejudgment issue as follows:

> On cross-appeal, Vogt asserts that the district court erred by denying prejudgment interest, arguing that a Missouri statute mandates prejudgment interest on liquidated claims for breach of contract, which is the type of claim the class pursued, and that the same statute applies to conversion claims. Vogt contends that the district court erroneously determined that the policy precluded the award of prejudgment interest at the statutory rate, and, at the very least, should have awarded prejudgment interest by utilizing the 4% rate included in the policy. "Whether the district court had authority to grant prejudgment interest is a question of state law which we review de novo." *Transit Cas. Co. v. Selective Ins. Co. of Se.*, 137 F.3d 540, 546 (8th Cir. 1998). "In a diversity case, the question of prejudgment interest is a substantive one, controlled by state law[,]" here, Missouri law. *Emmenegger v. Bull Moose Tube Co.*, 324 F.3d 616, 624 (8th Cir. 2003).

*Vogt*, 963 F.3d at 775–76.

The Eighth Circuit's statement of the prejudgment-interest issue indicates that it considered the argument that the claims were liquidated. The Eighth Circuit's ruling that "Vogt is entitled to prejudgment interest at the 4% rate contained in the contract" thus seems a definitive ruling on the subject that binds this Court. Although the Eighth Circuit did not expressly instruct the Court to award prejudgment interest, but instead remanded with instructions to "reconsider[]the motion, consistent with this analysis," that instruction is entirely consistent with the express ruling that the "the policyholders are entitled to prejudgment interest at the contractual rate of 4% up until the date of judgment, not merely up until the date of termination or surrender." On the other hand, to interpret the Eighth Circuit's instruction as State Farm urges would contradict the Eighth Circuit's express statement that "the policyholders are entitled to prejudgment interest . . . ." The Court therefore concludes that the Eighth Circuit considered and resolved the arguments presented by both sides concerning Plaintiffs' entitlement to prejudgment interest in ruling that Plaintiffs "are entitled to prejudgment interest at the contractual rate of 4% up until the date of judgment, not merely up until the date of termination or surrender." *Vogt*, 963 F.3d at 776.

### b. Even if the Eighth Circuit Did Not Resolve the Issue, the Court Still Would Conclude that Plaintiffs Are Entitled to Prejudgment Interest

#### 1. Whether the Damages Were Liquidated

If the question of whether the damages were liquidated were before the Court, the Court would still find in favor of Plaintiffs on the issue.

Missouri law mandates prejudgment interest on claims for breach of contract. Mo.Rev.Stat. § 408.020. However, such prejudgment interest is available only on liquidated damage claims. *Macheca Transp. Co. v. Philadelphia Indem. Ins. Co.*, 737 F.3d 1188, 1196 (8th Cir. 2013) (citing Mo.Rev.Stat. § 408.020). "In order to be liquidated so as to allow interest, a

claim must be fixed and determined or readily determinable, but it is sufficient if the amount due is ascertainable by computation or by a recognized standard." *Macheca*, 737 F.3d at 1196.

Assessing whether the damages are "readily determinable" and therefore liquidated requires review of analogous case law. A dispute over liability does not preclude an award of prejudgment interest. *Columbia Mut. Ins. Co. v. Long*, 258 S.W.3d 469, 480 (Mo. Ct. App. 2008). Readily ascertainable damages also do not require "an exact calculation"—damages may be ascertainable even where there is "a dispute over monetary value or the parties' experts compute different estimates of the loss." *Macheca*, 737 F.3d at 1196 (quotation marks and citations omitted). Prejudgment interest is available even when the plaintiff's damages award is lower than the amount he sought. *See City of Sullivan v. Truckstop Restaurants, Inc*., 142 S.W.3d 181, 195 (Mo. Ct. App. 2004) ("An award of less damages than requested does not prohibit an award of prejudgment interest on the damages awarded."). Moreover, a set-off defense that is itself unliquidated does not preclude an award of prejudgment interest. *See Travelers Prop. Cas. Ins. Co. of Am. v. Nat'l Union Ins. Co. of Pittsburgh, Pa.*, 735 F.3d 993, 1005 (8th Cir. 2013) (stating that, under Missouri law, "the fact that a defendant interposes counterclaims, setoffs, recoupment, or defenses does not alter the fact that the amount claimed by the plaintiff is 'ascertainable,' even though the amount of the defendant's counterclaim, setoff, or recoupment may not itself be reasonably ascertainable"); *A.G. Edwards & Sons, Inc. v. Drew*, 978 S.W.2d 386, 397 (Mo. Ct. App. 1998) ("[T]he mere interposition of an unliquidated counterclaim or set-off does not necessarily convert the liquidated claim into an unliquidated claim."). In short, disputes as to liability or the amount of damages owed do not alone preclude prejudgment interest.

Plaintiffs argue that *Macheca* suggests that the crux of the issue is whether the defendant can readily determine the damages owed at the time that they were owed. In that case, the Eighth

5

Circuit affirmed the district court's denial of prejudgment interest on plaintiff's lost business profits. The defendant did not have the knowledge concerning the plaintiff's business and how it was affected by the defendant's breach of contract to determine the amount of damages. In contrast, in the same case, the Eighth Circuit reversed the district court's denial of prejudgment interest on an award for property damages. The Eighth Circuit concluded that property damages are readily ascertainable because they measure the value of replacing the property. Notably, appraised value may vary—one appraiser may furnish a different valuation from another, disputes about the condition of the property or the surroundings may arise, and such inputs may only be resolved by the factfinder. Still, the Eighth Circuit held that the methodology for determining the amount of the damages was not in dispute.

The question in this case is whether the amount of damages—the overcharge, with contractual interest thereon—was readily calculable by State Farm. Although State Farm claims that the exact overcharge for any given class member was not readily ascertainable, the difference between the purported cost of insurance that State Farm actually deducted and the cost of insurance that State Farm should have charged was readily determinable. State Farm had in its possession— at least in pricing mortality rates that State Farm disclosed to New Jersey regulators—the information required to calculate the COI rate. The calculations that the jury accepted were based on those pricing mortality rates that State Farm provided. Neither outside information nor speculation was required for the proper COI calculation. In short, State Farm could have readily determined the overcharge each month. *Cf. Macheca*, 737 F.3d at 1196 (finding that plaintiff's lost business income—which was uncertain and based on information not available to the defendant—was not liquidated).

State Farm argues that it could not have performed the calculation without expert opinion and expert judgment, but State Farm is in the business of routinely performing actuarial calculations of the kind involved in this case. The suggestion that outside expert opinion was needed for State Farm to make calculations that it was contractually obligated to perform each month, using the methodology that the Policy stated State Farm would use, based on information that State Farm alone possessed, is unpersuasive. The calculation was at least as readily determinable as the replacement value of the property on which the Eighth Circuit awarded prejudgment interest in *Macheca*.

The fact that State Farm argued that the pricing mortality rates should have been pooled and that they were entitled to set-off does not change the analysis. A dispute as to liability does not render damages unliquidated. *See Columbia Mut. Ins.*, 258 S.W.3d at 480 ("The mere fact that a party denies liability or defends a claim against him, or even the existence of a bona fide dispute as to the amount of the indebtedness, does not preclude recovery of interest." (quotation marks and citation omitted)). Furthermore, the law of the case establishes that the arguments concerning pooling and set-off went to the inputs, not the methodology for calculating damages. In response to State Farm's arguments concerning pooling and set-off, Plaintiffs' expert produced documents showing how State Farm's theories would change his damages calculation. State Farm argued that Plaintiffs' experts' calculations constituted new expert opinion that was disclosed after the deadline. However, the Court found that the expert's new damages calculations constituted summaries under Federal Rule of Evidence 1006, rather than new opinions that were disclosed too late. The Eighth Circuit affirmed. *Vogt*, 963 F.3d at 771-72 ("In light of the fact that this case involves complicated and voluminous data about the COI fees charged to numerous policyholders over a significant period of time, the damages models are best characterized as summaries that

Vogt introduced to better aid the jury in understanding the evidence at trial.  As the district court noted, *the additional damages models utilized the same methodology and calculations as the previously disclosed expert materials*, differing only insofar as they altered assumptions to apply the theories that State Farm's expert presented.") (emphasis added).

Accordingly, the Court concludes that the contractual damages were liquidated.

### 2.  Whether Plaintiffs Are Entitled to Prejudgment Interest Despite Not Being Entitled to Prejudgment Interest on the Conversion Claim

State Farm next argues that Plaintiffs failed to establish entitlement to prejudgment interest because "regardless of whether he can establish entitlement to prejudgment interest under Section 408.020, Plaintiff must also comply with statutory requirements to obtain prejudgment interest for his tort claims under Section 408.040" because the general verdict in the case encompassed both tort and contract claims.  There is no dispute that Plaintiffs are not entitled to prejudgment interest on the tort claim itself.

State Farm's argument is premised on *Schreibman v. Zanetti*, 909 S.W.2d 692 (Mo. Ct. App. 1995), where the Missouri Court of Appeals held that a plaintiff whose breach of contract, conversion, and breach of partnership claims merged with a fraud claim was not entitled to prejudgment interest.  However, in *Schreibman*, the court concluded that the damages were not liquidated.  *See id.* at 704-705 ("The damages were not readily ascertainable; hence, the trial court did not err in refusing to impose prejudgment interest.").  Therefore, the plaintiffs were not entitled to prejudgment interest on the contract claim.  For that reason, *Schreibman* is not on point.  Moreover, it would be illogical to conclude that Plaintiffs gave up their right to prejudgment interest on their breach of contract claim because they also succeeded on a tort claim that did not entitle them to prejudgment interest.

### c. **Calculation of Prejudgment Interest**

Plaintiffs' expert has declared that the appropriate amount of prejudgment interest due to class members is $4,521,674.38. State Farm challenges Plaintiffs' calculation of interest only insofar as it disputes whether class members whose policies were in force as of December 1, 2017—the last date of the policy-level data that State Farm produced, and therefore the last date through which Plaintiffs' expert calculated damages—are entitled to prejudgment interest. State Farm argues that awarding such prejudgment interest would "impermissibly disturb[] the jury's damages award as to the current policyholders." Doc. 430, p. 12. Plaintiffs, contend that, because the verdict undisputedly did not include any interest from the time period between December 1, 2017 and June 6, 2018, when the judgment was entered, class members whose policies remained in force after December 1, 2017 are entitled to prejudgment interest.

As discussed above, the Eighth Circuit has ruled that "the policyholders are entitled to prejudgment interest at the contractual rate of 4% up until the date of judgment, not merely up until the date of termination or surrender." *Vogt*, 963 F.3d at 776. Although this language does not specifically address the situation of those whose policies were not terminated or surrendered, it nonetheless clearly provides for "prejudgment interest . . . until the date of judgment" for "the policyholders," regardless of the status of their policy. As there is no dispute that those who held policies that remained in force after December 1, 2017—the last date for the policy-level transaction data that State Farm produced—were not awarded prejudgment interest (or corresponding damages) from that date forward, those policyholders, like the other class members, are entitled to prejudgment interest on the monies that the jury found were owed to them as of December 1, 2017. *See* Missouri Rev. Statute § 408.020 ("Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all moneys after they become due and payable, on written contracts . . . and for all other money due or to

9

become due for the forbearance of payment whereof an express promise to pay interest has been made."); *Doe Run Res. Corp. v. Certain Underwriters at Lloyd's London*, 400 S.W.3d 463, 477 (Mo. Ct. App. 2013) ("The award of prejudgment interest in a case in which damages are liquidated is not a matter of court discretion; it is compelled.").

As Defendants have proffered no valid basis for rejecting any portion of Plaintiffs' expert's calculation, the Court adopts Plaintiffs' figures in awarding prejudgment interest.

## II.     CONCLUSION

For the reasons explained above, Plaintiffs' motion for prejudgment interest is granted. Consistent with the Eighth Circuit's rulings, the Court awards Plaintiffs prejudgment interest in the amount of $4,521,674.38.  The judgment shall be amended accordingly.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  November 17, 2020
Jefferson City, Missouri