IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL VOGT, )
on behalf of himself and all others )
similarly situated, )
)
    Plaintiffs, )
)
v. ) Case No. 2:16-CV-04170-NKL
)
STATE FARM LIFE )
INSURANCE COMPANY )
)
    Defendant. )

## APPLICATION FOR WRIT OF EXECUTION

Plaintiffs, by and through undersigned Class Counsel, and pursuant to Rule 69 of the Federal Rules of Civil Procedure, hereby respectfully pray for the Court's entry of a Writ of Execution of the Judgment entered in this case against State Farm Life Insurance Company. In support of their Application for Writ of Execution, Plaintiffs state as follows:

1. On October 12, 2018, this Court entered an amended judgment against State Farm in the amount of $34,322,414.84 ("the October 12, 2018 Judgment") plus "post-judgment interest at the rate of 2.23%, compounded annually beginning June 6, 2018 until paid."

2. On October 25, 2018, the Parties filed a Joint Stipulation and Motion for Stay of Execution of Judgment. Doc. 406. Pursuant to the Joint Stipulation, Plaintiffs waived State Farm's obligation to obtain a supersedeas bond to secure the October 12, 2018 Judgment, which would have required State Farm to pay annual premiums in excess of $68,000. *Id.* Also pursuant to the Joint Stipulation, State Farm agreed to waive all of its taxable costs if it prevailed on appeal. *Id.*

3. On October 26, 2018, the Court entered an order granting the Parties' Motion to Stay Execution of the Judgment. Doc. 407.

4. On November 9, 2018, State Farm filed its Notice of Appeal of the Court's October 12, 2018 Judgment. Doc. 408.

5. On November 13, 2018, Plaintiffs filed their Notice of Cross Appeal on the issue of this Court's denial of prejudgment interest entered as part of its October 12, 2018 Judgment. Doc. 411.

6. On June 26, 2020, the Court of Appeals for the Eighth Circuit issued its Opinion affirming the October 12, 2018 Judgment against State Farm and reversing the denial of prejudgment interest and remanding with instructions to this Court to reconsider the award of prejudgment interest consistent with the Eighth Circuit's analysis. Doc. 414.

7. On July 24, 2020, State Farm filed its Petition for Rehearing En Banc. *See* Case No. 18-3419.

8. On August 24, 2020, the Eighth Circuit denied State Farm's Petition for Rehearing En Banc. *See id*.

9. On August 31, 2020, the Eighth Circuit issued its Mandate. Doc. 418.

10. On September 14, 2020, Plaintiffs filed their Motion for Application of Prejudgment Interest, requesting prejudgment interest in the amount of $4,521,674.38 (Doc. 423), which State Farm opposed on September 28, 2020 (Doc. 430), and to which Plaintiffs filed a Reply on September 29, 2020 (Doc. 431).

11. On November 17, 2020, after a hearing held on October 19, 2020 (Doc. 438), this Court granted Plaintiffs' Motion for Application of Prejudgment Interest, awarding Plaintiffs prejudgment interest in the amount of $4,521,674.38. Doc. 440.

12. Treating that order as an amended judgment, on November 25, 2020, State Farm filed its Notice of Appeal of the Court's order granting prejudgment interest. Doc. 441.

13. On November 27, 2020, State Farm filed a Motion to Recall and Stay Mandate in the Eighth Circuit. *See* Eighth Circuit Case Numbers 18-3419 & 18-344; *see also* Docs. 443 and 445. On December 2, 2020, Plaintiffs filed an opposition thereto. *See id.*

14. On December 3, 2020, the Eighth Circuit denied State Farm's Motion to Recall and Stay its Mandate. *See* Eighth Circuit Case Numbers 18-3419 & 18-344; *see also* Doc. 446.

15. On December 17, 2020, the automatic stay for this Court's November 17, 2020 order on prejudgment interest expired. *See* Fed. R. Civ. P. 62(a).

16. State Farm has indicated its intent to file a petition for certiorari in the United States Supreme Court of the October 12, 2018 Judgment on the issue of the propriety of class certification of the Missouri class of policyholders on or before January 21, 2021. *See* Doc. 443.[1]

17. Despite State Farm's having indicated its intent to file a petition for certiorari in the United States Supreme Court, the Court's order staying execution of the October 12, 2018 Judgment (Doc. 407) was rendered ineffective when, on August 31, 2020, the Eighth Circuit issued its mandate (Doc. 418). *See Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.,* No. 11-2686-JWL, 2019 WL 3532063, at *2 (D. Kan. Aug. 2, 2019) ("Rule 62 allows a district court to stay execution of its judgment during an appeal, but once the court of appeals has issued its mandate, that appeal of the district court judgment has concluded.") (collecting cases); *Gander v. FMC Corp.,* 733 F. Supp. 1346, 1347 (E.D. Mo. 1990) ("[T]his Court lacks jurisdiction to stay the execution of its judgment pending defendant's application for certiorari to the Supreme Court.") (citing *In re Stumes,* 681 F.2d 524, 525 (8th Cir. 1982)); *In re A.F. Moore & Assocs., Inc.*, 974

---

[1] State Farm's petition, which would otherwise have been due November 22, 2020, is now not due until January 21, 2021 pursuant to the Supreme Court's pandemic-related deadline extension. *See* https://www.supremecourt.gov/announcements/COVID-19_Guidance_April_17.pdf.

F.3d 836, 839-42 (7th Cir. 2020) (holding that where Court of Appeals had denied the defendant's motion to recall and stay its mandate, the district court exceeded its authority by staying execution of the judgment on remand pending the defendant's petition for certiorari). This is so regardless of whether the parties proposed a stay pending disposition of a petition for a writ of certiorari. *See Sprint Commc'ns,* 2019 WL 3532063, at *3 ("[T]he Court simply lacks the power to issue any stay lasting beyond the appellate court mandate, and defendants have not cited any authority suggesting that a party's consent may overcome that lack of authority."). State Farm has conceded that the judgment is executable now. In its Motion to Recall and Stay the Mandate filed in the Eighth Circuit, State Farm acknowledged that "absent a recall and stay of the mandate" from that Court, the October 12, 2018 Judgment "would become final and executable during the time that State Farm has to seek certiorari and the further length of time that the Supreme Court may take to decide to grant the writ." *See* Eighth Circuit Case Numbers 18-3419 & 18-344, Motion to Recall and Stay Mandate at 16. Thus, because the Eighth Circuit declined to recall and stay its mandate, *see* Paragraph 14, *supra*, State Farm has acknowledged that the October 12, 2018 Judgment is final and executable now.

18. State Farm has not obtained a stay of execution of the October 12, 2018 Judgment from the United States Supreme Court. *See* Supreme Court Rule 23.

19. Moreover, State Farm treated the order awarding prejudgment interest as an amended judgment, and the Court's stay only applied, by its terms, to the October 12, 2018 Judgment.

20. State Farm has not obtained a stay of the Court's order on prejudgment interest or filed the appropriate bond or other security to secure such a stay as required under Fed. R. Civ. P.

62(b). Thus, State Farm has not sought any relief in either this Court or the Eighth Circuit that would prohibit execution of the prejudgment interest order at this time.

21. Fed. R. Civ. P. 69 governs the execution on a judgment in federal cases. This rule provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution and in proceedings supplementary to and in aid of judgment or execution must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

22. Plaintiffs seek to have the October 12, 2018 Judgment, and the Court's order on prejudgment interest, recognized and made executory in this Court pursuant to Fed. R. Civ. P. 69(a). Additionally, Plaintiffs seek to have this Court issue a writ of execution, in the form attached hereto as Exhibit A, commanding the United States Marshall to seize the nonexempt portion of State Farm's property sufficient to satisfy the October 12, 2018 Judgment and prejudgment interest order.

WHEREFORE, Plaintiffs respectfully pray that this Court order the following relief:

A. Issue a writ of execution commanding the United States Marshal to seize the nonexempt portion of the property, rights, and credits of State Farm sufficient to satisfy Plaintiffs' claim according to law; and

B. Grant such other and further relief the Court deems just and proper.

Dated: December 23, 2020.

                                        Respectfully submitted,

                                        **STUEVE SIEGEL HANSON LLP**

                                        */s/ Norman E. Siegel*

| | |
|---|---|
| Norman E. Siegel | MO Bar # 44378 |
| Bradley T. Wilders | MO Bar #60444 |

Lindsay Todd Perkins MO Bar # 60004
Ethan M. Lange MO Bar # 67857
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: siegel@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: perkins@stuevesiegel.com
Email: lange@stuevesiegel.com

-And-

John J. Schirger MO Bar # 60583
Matthew W. Lytle MO Bar # 59145
Joseph M. Feierabend MO Bar # 62563
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone: 816-561-6500
Facsimile: 816-561-6501
Email: jschirger@millerschirger.com
Email: mlytle@millerschirger.com
Email: jfeierabend@millerschirger.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2020, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ *Norman E. Siegel*
Attorney for Plaintiffs