IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MICHAEL VOGT,
on behalf of himself and all others
similarly situated,

    Plaintiff,

  v.

STATE FARM LIFE
INSURANCE COMPANY,

    Defendant.

No. 2:16-cv-04170-NKL

## ORDER

Plaintiffs move for an order to (1) establish the State Farm Missouri COI Qualified Settlement Fund ("QSF") as a qualified settlement fund pursuant to Internal Revenue Code § 468B and Treasury Regulations § 1.468B-1 *et seq*. for the purpose of collecting from Defendant the common fund secured for the Class that includes the $34,322,414.84 judgment, the prejudgment interest, totaling $4,521,674.38, and post-judgment interest provided for by statute, and to distribute to each Class Member his or her share of the common fund, less a pro-rata reduction for attorneys' fees and non-taxable expenses awarded to Class Counsel and the service award to Mr. Vogt, pursuant to the plan of allocation adopted by the Court (Doc. 404, pp. 5-6); and (2) appoint Angeion Group as administrator to administer the QSF in accordance with the Plan of Allocation adopted by the Court (Doc. 404 at 5-6) and the terms of any contemplated or necessary Qualified Settlement Fund Agreement to be executed among Angeion and Class Counsel, and within the meaning of Treasury Regulations § 1.468B-2(k).

No objections or papers opposing establishment of the fund or appointment of the proposed administrator have been filed.

The Court previously approved the proposal to appoint Angeion Group to oversee the distribution of net funds to the class. Doc. 404, p. 6. In addition to being experienced in the application of complex claim calculations and tax withholding and reporting, Angeion is experienced in serving as a court-appointed qualified settlement fund administrator, managing account setup, management, disbursement, tax filing, and fund closing procedures.

For these reasons, the Court GRANTS the motion. The QSF is being established to satisfy the Class Members' claims arising out of tort and/or breach of contract. The QSF shall be subject to the continuing jurisdiction of the Court. The QSF will be an account, the assets of which will be segregated from the general assets of Defendant State Farm Life Insurance Company. The funds to be held in the QSF are the sole property of the QSF. Until such time as funds are distributed from the QSF, Class Members shall not possess any rights to demand or receive any portion of the funds held in the QSF and shall not possess any right to mortgage, pledge, or encumber the same in any manner. To facilitate any necessary tax reporting, and upon request by the Administrator, State Farm shall promptly provide the social security numbers of Class Members as needed. Class Counsel will not be privy to any transfer of social security numbers. To the extent possible, this order shall be construed so as to prevent Class Members from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the QSF.

Upon final distribution of all funds received into the QSF and allocated to Class Members, the Administrator shall take appropriate steps to wind down the QSF and thereafter be discharged from any further responsibility with respect to the QSF. The Administrator may, but shall not be obligated to, seek a final order of discharge from this Court. The cost to establish and administer the QSF, including the distribution of the judgment, will be paid by and from the common fund.

*Acevedo v. Workfit Med. LLC*, 187 F. Supp. 3d 370, 386 (W.D.N.Y. 2016) (approving "payment to the Claims Administrator of . . . administrative costs from the qualified settlement fund"); *Roach v. T.L. Cannon Corp.*, No. 18-CV-01177, 2019 WL 8685075 (N.D.N.Y. Feb. 28, 2019) (same).

IT IS SO ORDERED.

/s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated:  January 4, 2021  
Jefferson City, Missouri