# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## CENTRAL DIVISION

|  |  |
|---|---|
| MICHAEL VOGT,<br>on behalf of himself and all others<br>similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>STATE FARM LIFE<br>INSURANCE COMPANY,<br><br>    Defendant. | No. 2:16-cv-04170-NKL |

## ORDER

Plaintiffs move for an order shifting to State Farm the costs of notice and distribution of the net damages. Doc. 427. For the reasons set forth below, the motion is denied.

I. **DISCUSSION**

 a. **Costs of Notice**

The Supreme Court has held that "courts must not stray too far from the principle . . . that the representative plaintiff should bear all costs relating to the sending of notice because it is he who seeks to maintain the suit as a class action." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 359 (1978). "[O]rdinarily there is no warrant for shifting the cost of the representative plaintiff's performance of th[o]se tasks [necessary to send the class notice] to the defendant." *Id.* at 356. Even after the defendant's liability is established, "the proper placement of notice costs is best left to the sound discretion of district courts . . . . The district courts are not required in all cases to shift notice costs but instead may consider the totality of circumstances to decide whether shifting notice costs is just in that particular case." *Hunt v. Imperial Merch. Servs., Inc.*, 560 F.3d 1137, 1144 (9th Cir. 2009).

Some courts have shifted the cost of notice to defendants after liability has been established. However, those cases largely involved scenarios not presented here. *See, e.g., Macarz v. Transworld Sys., Inc.*, 201 F.R.D. 54, 59 (D. Conn. 2001), on reconsideration (May 11, 2001) (shifting cost of notice where defendant did not object*); Six (6) Mexican Workers v. Arizona Citrus Growers*, 641 F. Supp. 259, 264 (D. Ariz. 1986) (shifting costs where defendants intentionally failed to properly maintain records and there may have been substantial costs involved in locating class members whose whereabouts were unknown), *judgment modified and remanded*, 904 F.2d 1301 (9th Cir. 1990); *Catlett v. Missouri Highway & Transp. Comm'n*, 589 F. Supp. 949, 952 (W.D. Mo. 1984) (shifting costs of notice after liability was established because, in part, "of the substantiality of the cost involved"); *Baez v. LTD Fin. Servs., L.P.*, No. 615CV1043, 2019 WL 2223773, at *7 (M.D. Fla. May 23, 2019) (shifting cost of providing notice "in its discretion" where defendant did not respond to plaintiff's arguments on the subject).

Here, Plaintiffs have pointed to no special circumstances warranting the shifting of costs associated with providing notice. Moreover, the costs associated with the class notice ($32,795.61), which represent less than .08 percent of the damages award with prejudgment interest, are not substantial relative to the common fund. *Cf. Catlett*, 589 F. Supp. at 952 (shifting costs of notice "because of the substantiality of the cost involved").

**b. Costs of Distribution**

Plaintiffs' request to shift the costs of distributing the common fund to the class also is denied for similar reasons. The only authority that Plaintiffs cite in support of their position that the costs of distribution should be shifted is distinguishable. *See Six (6) Mexican Workers*, 641 F. Supp. at 264 (shifting costs where defendants' deliberate failure to properly maintain records likely portended substantial costs for locating class members); *Catlett*, 589 F. Supp. at 952 (shifting costs

because of their "substantiality"). Finding no basis to shift the costs of distribution—which are estimated to be $61,947, or just .16% of the common fund without post-judgment interest, the Court must decline the motion to shift those costs.

## II.   <u>CONCLUSION</u>

For the reasons explained above, Plaintiffs' motion to shift to State Farm the costs associated with notice and the costs of distribution is DENIED. .

<u>/s/ Nanette K. Laughrey</u>
NANETTE K. LAUGHREY
United States District Judge

Dated:  <u>January 4, 2021</u>
Jefferson City, Missouri