IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL G. VOGT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No. 16-CV-04170-NKL |

## PLAINTIFFS' SUGGESTIONS IN OPPOSITION TO STATE FARM'S MOTION FOR STAY OF EXECUTION OF JUDGMENT

Ignoring the briefing and arguments made at the hearing before this Court on Plaintiffs' Application for Writ of Execution (Docs. 449, 453-454, 459), State Farm moves for a stay of execution of the Court's Amended Judgment entered on January 25, 2021 (Doc. 460), which includes (1) the amount of $34,322,414.84 that was affirmed on appeal by the Eighth Circuit and for which the Eighth Circuit denied State Farm's request for a stay while it petitions for certiorari (Doc. 414, 446), and (2) the Court's award of prejudgment interest in the amount of $4,521,674.38, which is currently on appeal to the Eighth Circuit (Doc. 441). Doc. 461. As explained in Plaintiffs' briefing on their Application for Writ of Execution, which Plaintiffs incorporate here by reference, this Court does not have authority under Rule 62 or 28 U.S.C. § 2101(f) to stay Plaintiffs' execution of $34,322,414.84, plus post-judgment interest thereon, pending State Farm's petition for certiorari, and the entry of such a stay by this Court would violate the "mandate rule" because the Eighth Circuit denied State Farm's request for a stay. Docs. 449, 454.

The Court's entry of an Amended Judgment on January 25, 2021 does not revive the Court's authority to stay Plaintiff's execution of $34,322,414.84. State Farm does not suggest the

entry of the Amended Judgment allows State Farm to appeal its liability for $34,322,414.84 to the Eighth Circuit again, and, in fact, State Farm's second notice of appeal filed February 16, 2021, makes clear it is only appealing the prejudgment interest award (Doc. 462). Instead, State Farm's motion confirms it is seeking an order staying Plaintiffs' execution of $34,322,414.84 while State Farm petitions for certiorari (Doc. 461). But, as explained in Plaintiffs' prior briefing on this issue, only the Eighth Circuit or the United States Supreme Court has authority to enter such a stay. The Eighth Circuit denied State Farm's request for a stay, and, tellingly, State Farm filed its petition for writ of certiorari on January 21, 2021, but it **has not** moved to recall the mandate or for a stay of execution from the Supreme Court.

State Farm itself cites authority only for the proposition that "Rule 62 permits an appellant to obtain an automatic stay of a money judgment *during the pendency of the appeal*," Doc. 461 at 1 (emphasis added), but there is no appeal pending related to State Farm's liability for $34,322,414.84. Only State Farm's petition for certiorari is pending as to this amount, and again, Rule 62 does not authorize the district court to enter a stay pending a petition for certiorari. *See, e.g.*, *Moore v. Menasha Corp.*, No. 1:08-CV-1167, 2013 WL 12226015, at *2 (W.D. Mich. Mar. 1, 2013) (a "petition for a writ of certiorari does not constitute an appeal" under Rule 62). State Farm cites no authority suggesting that because State Farm has appealed a new judgment awarding interest that State Farm is entitled to a stay of execution of the portion of the original judgment that was affirmed in full on appeal and for which there is no appeal pending. Thus, the Court should deny State Farm's motion to stay Plaintiffs' execution of $34,322,414.84, plus post-judgment interest on that amount. *Cf. Jimico Enterprises, Inc. v. Lehigh Gas Corp.*, No. 1:07-CV-0578 GTS/RFT, 2014 WL 1239030, at *5 (N.D.N.Y. Mar. 25,

2014) (granting in part motion to enforce liability on supersedeas bond to the extent of the defendant's undisputed liability, but denying it as to amount for which there was a dispute).

Conversely, Plaintiffs do not dispute that State Farm is entitled under Rule 62 to post a bond to obtain a stay of execution of $4,521,674.38 while State Farm's appeal to the Eighth Circuit of that amount is pending. While the proposed bond appears excessive to secure that liability, Plaintiffs have no objection to it, provided that State Farm assumes all liability for the payment of that bond. If State Farm wishes to preserve its right to seek the costs of that bond on remand if its appeal is successful, however, the size of the bond, and therefore, its associated costs, appear unreasonable for the amount to be secured and should be reduced.

Therefore, Plaintiffs request that State Farm's motion for a stay of execution be denied as to Plaintiffs' execution of $34,322,414.84, plus post-judgment interest on that amount.

Dated: February 17, 2021

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**

*/s/ Norman E. Siegel*

| | |
|---|---|
| Norman E. Siegel | MO Bar # 44378 |
| Bradley T. Wilders | MO Bar #60444 |
| Lindsay Todd Perkins | MO Bar # 60004 |
| Ethan M. Lange | MO Bar # 67857 |

460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone: 816-714-7100
Facsimile: 816-714-7101
Email: siegel@stuevesiegel.com
Email: wilders@stuevesiegel.com
Email: perkins@stuevesiegel.com
Email: lange@stuevesiegel.com

-And-

John J. Schirger        MO Bar # 60583
Matthew W. Lytle      MO Bar # 59145
Joseph M. Feierabend   MO Bar # 62563
**MILLER SCHIRGER, LLC**
4520 Main Street, Suite 1570
Kansas City, Missouri 64111
Telephone:   816-561-6500
Facsimile:    816-561-6501
Email:        jschirger@millerschirger.com
Email:        mlytle@millerschirger.com
Email:        jfeierabend@millerschirger.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2021, I filed the foregoing document via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

/s/ *Norman E. Siegel*
Attorney for Plaintiffs