IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL VOGT, on behalf of himself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 2:16-cv-04170-NKL ) |
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) |

**STATE FARM'S RESPONSE TO PLAINTIFF'S BRIEF REGARDING THE DENIAL OF CERTIORARI**

There is one final judgment in this case. Plaintiff wishes to execute on only a portion of this judgment despite the pendency of an appeal that will determine the full scope of that very judgment, and despite the fact that State Farm has agreed to post, during the pendency of the appeal, a supersedeas bond covering the entire judgment.

The plain language of Rule 62 is unmistakable, mandatory, and self-executing: an appellant "*may obtain*" a stay of "a judgment"—not merely part of a judgment—by posting a bond or other security covering the entire judgment amount, and the stay "takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b) (emphasis added). Courts across the country have recognized the mandatory nature of this provision, holding that an appellant may secure a stay as a matter of *right* by "providing a bond or other security." *Id*. Because State Farm has provided a supersedeas bond that will secure the entire judgment through the pendency of the current appeal, the plain terms of Rule 62 mandate a stay of execution.

1

Plaintiff's various arguments do not change the analysis. The Supreme Court's denial of certiorari with respect to State Farm's earlier appeal does not affect State Farm's entitlement to a stay pending its *current* appeal. And nothing in Plaintiff's out-of-circuit precedent suggests the Eighth Circuit would permit district courts to deviate from the plain language of Rule 62 requiring a stay of the full judgment upon the posting of a bond. Unlike in the cases Plaintiff cites, the judgment here is not "divisible." To the contrary, this judgment—unlike those cited by Plaintiff—involves a class action and a common fund, meaning that amounts owed to any class member cannot, as a practical matter, be finally determined and paid until the entire amount of the judgment is determined.

The command of Rule 62 is clear, as is the overwhelming precedent holding that a stay is mandatory upon the posting of security such as State Farm has offered here. Plaintiffs' motion should be denied.

## ARGUMENT

### I. Rule 62 Entitles an Appellant to a Complete Stay of Execution of the Judgment Upon the Posting of a Supersedeas Bond

Rule 62(b) is clear: an appellant may obtain a stay of a judgment pending appeal as a matter of right by posting a supersedeas bond. This rule has been recognized by countless courts and commentators: "The stay issues as a matter of right in cases within Rule 62[b], and is effective when the supersedeas is approved by the court." C. Wright & A. Miller, FED. PRACTICE & PROCEDURE § 2905; *accord, e.g.*, S. Gensler & L. Mulligan, *Fed. Rules of Civil Procedure, Rules and Commentary* (Feb. 2020); *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3, 17 (1966); *Am. Civil Liberties Union of Nev. v. Masto*, 670 F.3d 1046, 1066 (9th Cir. 2012); *Cohen v. Metropolitan Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009); *Arban v. W. Pub. Corp.*,

345 F.3d 390, 409, (6th Cir. 2003); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938, (5th Cir. 1992); *N. Ind. Pub. Serv. Co. v. Carbon Cty. Coal Co.,* 799 F.2d 265, 281 (7th Cir. 1986); *Fed. Prescription Serv., Inc. v. Am. Pharmaceutical Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980); *see also* 2 MOORE'S FED. PRACT. § 62.03 ("An appealing party is entitled to a stay of enforcement as a matter of right under Rule 62(d) if a supersedeas bond is filed with the court.").

The scope of the stay is also apparent from the text of the Rule, which by its plain terms contemplates a single judgment. A stay under Rule 62 applies to any "proceedings to enforce *a judgment*." *See* Rule 62(a) (stay applies to "execution on a judgment and proceedings to enforce it"); Rule 62(b) (relating stay to "judgment"). By this plain command, the stay applies to the *entire* judgment. And there is only one judgment in this case. *See* Dkt. 460 (Amended Judgment adding prejudgment interest award). Nothing in the Rule suggests that a district court may stay only a *portion* of a judgment while allowing immediate execution on other portions. Indeed, such a reading would contravene the principle embodied in Rule 54(b) that, absent circumstances not present here, judgments are unitary—but in any event may not be granted as to anything less than an entire claim.[1] *See* Rule 54(b) (except under special circumstances not present here, a judgment must "adjudicate[e] all the claims and all the parties' rights *and liabilities* (emphasis added)).

---

[1] One of Plaintiff's cases, *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987), suggested that Rule 54(b) was inapplicable after a case had been remanded following a partial appeal. This holding was expressly rejected by the Sixth Circuit in *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 513 (6th Cir. 2001).

3

In sum, under Rule 62(b), State Farm is entitled to a stay of the entire judgment pending its appeal upon posting a supersedeas bond. State Farm has proffered a complete supersedeas bond that will secure the entire amount of the amended judgment through the pendency of the appeal. Dkt. 461; Dkt. 461-1. "[T]here is no reason the bond as required in Rule 62(d) should not . . . protect the Plaintiff here from the risks associated with delay and to protect the Plaintiff from any costs incurred in deferring execution of the judgment until the appeal is decided." *S.E.C. v. O'Hagan*, 901 F. Supp. 1476 (D. Minn. 1995). Plaintiff does not argue that the bond that State Farm proffered is inadequate. And under Rule 62, this Court does not have discretion to deny the stay under Rule 62. *Frommert v. Conkright*, 639 F. Supp. 2d 305 (W.D.N.Y. 2009) (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broad-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966)) ("Although the rule provides that the stay takes effect upon the district court's approval of the bond, the party posting the bond is entitled to stay as of right; the court has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond."); *Eurasia Int'l, Ltd. v. Holman Shipping, Inc.*, 411 F.3d 578, 585 (5th Cir. 2005) (Rule 62 "provides that a party is entitled to an automatic stay of proceedings to enforce a judgment upon appeal when it posts a supersedeas bond.").

In sum, State Farm has a right to post a full bond under Rule 62(b), and has done so. Accordingly, it is entitled to a stay of execution of the judgment "as a matter of right."

## II. Plaintiff's Arguments Provide No Basis for Ignoring Rule 62

Plaintiff offers several arguments for why this Court should ignore the plain command of Rule 62, but none of these arguments has merit.

*First*, the Supreme Court's denial of certiorari in this case does not change the analysis under Rule 62. Although Rule 62 contains certain exceptions, *see* Fed. R. Civ. P.

4

62(c), none of them provides that the mandatory stay does not apply where the Supreme Court had denied certiorari in connection with an earlier appeal.

*Second*, the three out-of-circuit cases Plaintiff cites also do not affect the analysis. No Eighth Circuit authority suggests that district courts may do what Rule 62 by its terms does not permit: enter a partial stay of only a portion of a judgment while another portion of the judgment is on appeal. This is particularly so where, as here, the appealing party has agreed to post a bond covering the entire judgment. Indeed, two of Plaintiffs' cases—*King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987), and *Allen F. Johnson, LLC v. Port Sec. Int'l, LLC*, 642 F. Supp. 2d 533 (E.D. Va. 2009)—do not involve the posting of a bond, and thus are inapplicable to the issue before the Court.

Moreover, none of Plaintiff's authorities involved a class action with a common fund. This Court directed that a common fund be established that "includes the $34,322,414.84 judgment, the prejudgment interest, totaling $4,521,674.38." (Doc. 451 at 1.) Under Plaintiff's own plan of allocation, the denominator of the fraction to determine pro rata shares is known, but the numerator, i.e. the total damages, prejudgment interest and post-judgment interest, is not. *See* Doc. 404 at 5-6 (describing denominator and numerator in plan of allocation). Post-judgment interest continues to run, and is fully secured by the supersedeas bond State Farm provided. And the question whether any prejudgment interest is even recoverable is presently pending before the Eighth Circuit. For these reasons, the amount of recovery due to any class member cannot be determined until after the total amount of the obligation is finally fixed on appeal, as the "denominator" in the "fraction" used to determine distributions remains uncertain.

Because the total amount of the common fund has yet to be determined and finalized on appeal, it would be premature and inefficient to fund the common fund

5

piecemeal. Indeed, this is one of the purposes of the single-judgment principle underlying Rules 54(b) and 58—namely, so there can be no misunderstanding between parties or third parties about the nature and timing of the obligations imposed by a judgment. *See* C. Wright & A. Miller, FED. PRACTICE & PROCEDURE § 2781; *Jalapeno*, 265 F.3d at 513. State Farm will become liable upon the amended judgment only after all appeals are exhausted. Although the amended judgment contains a portion that is uncontested, the total amount of State Farm's obligation, and the recovery due to any member of the class, will not be fixed until the present appeal is resolved.

## **CONCLUSION**

Rule 62 is clear: an adequate supersedeas bond entitles State Farm to a stay of execution pending appeal. Plaintiff's premature application for a writ of execution should be denied and State Farm's supersedeas bond should be approved in the form provided.

6

Case 2:16-cv-04170-NKL    Document 471    Filed 04/29/21    Page 6 of 7

Respectfully submitted,

**STINSON LLP**

By:   */s/ Jeremy A. Root*

    Jeremy A. Root, MO Bar # 59451
    230 W. McCarty Street
    Jefferson City, Missouri 65101
    (573) 636-6263 (Telephone)
    (573) 636-6231 (Facsimile)
    jeremy.root@stinson.com

    Todd A. Noteboom (*pro hac vice*)
    150 S. Fifth St., Suite 2300
    Minneapolis, MN 55402
    (612) 335-1500 (Telephone)
    todd.noteboom@stinson.com
    william.greene@stinson.com

    *Attorneys for Defendant*
    **State Farm Life Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served by the court's ECF filing service on the 29th day of April 2021, which will notify all parties of record.

*/s/ Jeremy A. Root*