IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL VOGT,<br>on behalf of himself and all others similarly situated,<br><br>                             Plaintiffs,<br><br>v.<br><br>STATE FARM LIFE INSURANCE COMPANY,<br><br>                             Defendant. | Case No. 2:16-cv-04170-NKL |

**ORDER**

Pending before the Court is Plaintiff Michael Vogt's application for writ of execution of the judgment. Doc. 449. Defendant State Farm Life Insurance Company opposes the application.[1] Doc. 453. The Court concludes that it currently lacks jurisdiction to grant Vogt's Writ of Execution. However, it also concludes that the Court made a "mistake or omission" when entering its amended judgment on January 25, 2021 because it should have explicitly retained jurisdiction in that order to address Vogt's pending request for execution or alternatively entered a separate Rule 58 judgment for the November 17, 2020 prejudgment interest order. While Federal Rule of Civil Procedure 60 provides a way to correct that mistake, the Court must await leave of the Court of Appeals to do so. Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake

---

[1] After briefing was complete, State Farm filed a motion for leave to file a sur reply and attached the proposed sur reply. The Court grants the motion, Doc. 455, and accordingly has considered the sur reply. *See Biron v. Sawyer*, No. 19-2938, 2020 WL 6121270, at *8 n.5 (D. Minn. Aug. 21, 2020) (granting a party's motion for leave to file sur reply based on the district court's "inherent discretion" and because consideration of the arguments would not further delay ruling the pending motions).

1

arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave."); *see also Pioneer Ins. Co. v. Gelt,* 558 F.2d 1303, 1312 (8th Cir. 1977) (holding that, where district court decides that a motion for relief from judgment under Rule 60(b) should be granted, "the movant should request the court of appeals to remand the case so that a proper order can be entered").

**I.     Background**

In this class action, Vogt alleged that State Farm breached its contract with approximately 25,000 life insurance policyholders. Docs. 1, 414. The case was tried before a jury in June 2018, and eventually resulted in an award of damages in the amount of $34,322,414.84 plus post-judgment interest at the rate of 2.23% compounded annually beginning June 6, 2018 until paid. Doc. 405. The Court denied Vogt's request for prejudgment interest. *Id.* A final judgment was entered on October 12, 2018.

The parties filed a joint motion to stay execution of the judgment, Doc. 406, which was granted by the Court. Doc. 407. State Farm then appealed the October 12, 2018 judgment and Vogt filed a cross appeal, seeking review of the Court's denial of prejudgment interest. The Court of Appeals for the Eighth Circuit affirmed the October 12, 2018 judgment against State Farm but reversed the denial of Vogt's request for prejudgment interest. Doc. 414. The Eighth Circuit held that Plaintiffs were entitled to prejudgment interest at the 4% rate contained in the contract and remanded for further proceedings on calculating the interest award. *Id.* State Farm filed a petition for rehearing en banc, which the Eighth Circuit denied. The Eighth Circuit issued its mandate on August 31, 2020. Doc. 418.

2

Case 2:16-cv-04170-NKL   Document 472   Filed 07/07/21   Page 2 of 12

On remand, Vogt filed a motion for prejudgment interest, requesting $4,521,674.38. The Court granted Vogt's motion on November 17, 2020. Doc. 440. On November 25, 2020, State Farm appealed the Court's order granting prejudgment interest. Doc. 441. State Farm also filed a motion to recall and stay the August 31st mandate issued by the Eighth Circuit. The Eighth Circuit denied State Farm's motion to recall and stay its mandate. Doc. 446. Then State Farm filed a petition for certiorari in the United States Supreme Court, seeking review of the October 12, 2018 judgment on the issue of the propriety of class certification. In the meantime, on December 23, 2020, Vogt sought to execute on the entire judgment, including damages, prejudgment interest and post-judgment interest. Doc. 449. [2]

On January 25, 2021, after Vogt sought execution on the October 12, 2018 judgment, the Court entered an amended judgment to reflect the addition of prejudgment interest. *See Williams v. Norris*, 461 F.3d 999, 1001 (8th Cir. 2006) (finding that "[t]he separate-document requirement of Rule 58 is to be mechanically applied"). The 2021 amended judgment includes the damages and post-judgment interest award contained in the October 12, 2018 judgment, as well as the prejudgment interest award contained in the Court's November 17, 2020 order.

State Farm appealed that amended judgment and sought to consolidate that appeal with its earlier appeal of the Court's November 17, 2020 order. Doc. 462. The Eighth Circuit consolidated the appeals on February 18, 2021.

On April 19, 2021 Vogt filed a notice informing the Court that the Supreme Court denied State Farm's petition for certiorari. Doc. 468, p. 1. In the filing, Vogt argues that the January 25, 2021 amended judgment is divisible, and asks the Court to grant the writ of execution as to the

---

[2] At this time, Vogt seeks execution only on the damages and post-judgment interest awards. Doc. 468, p.1

3

damages and postjudgment interest awards contained in the October 12, 2018 judgment, which have been affirmed by the Eighth Circuit. *Id.* at 3-4. State Farm responds that execution is still premature because the judgment is not divisible.

## II. Discussion

### A. Prior Stay Order and Agreement to Stay

Before the Supreme Court denied State Farm's petition for certiorari, State Farm argued that the Court's October 26, 2018 stay remained in effect due to the parties' previous agreement to stay the case pending appeal, including the filing of a writ of certiorari and any consideration of the case by the United States Supreme Court. Doc. 406. The Supreme Court has now denied State Farm's Writ of Certiorari and there is no further avenue for appellate review of the awards on which Vogt seeks to execute, *i.e.*, damages and post-judgment interest. Further, the Court finds that its October 26, 2018 stay order expired when the Eighth Circuit issued its mandate.

The parties' contractual agreement to stay the October 12, 2018 judgment does not change these facts nor provide a basis to continue the stay. *Gonzalez v. Thaler*, 565 U.S. 134 (2012) (holding that parties may not waive jurisdiction); *Sprint Comms. Co., L.P. v. Time Warner Cable, Inc.*, No. 11-2686, 2019 WL 3532063 (D. Kan. Aug. 2, 2019) ("[D]efendants argue that plaintiff should be held to its consent to a stay lasting throughout an appeal to the Supreme Court. . . . As discussed above, however, the Court simply lacks the power to issue any stay lasting beyond the appellate court mandate, and defendants have not cited any authority suggesting that a party's consent may overcome that lack of authority.").

### B. Jurisdiction

The Court next turns to the question of whether it has jurisdiction to grant Vogt's request for Writ of Execution. Neither party has raised the Court's jurisdiction, but it is the Court's obligation to determine its jurisdiction sua sponte.

Currently, the Court's January 25, 2021 amended judgment has been appealed to the Eighth Circuit. That amended judgment contains the damages and post-judgment interest awards from the October 12, 2018 judgment, as well as the prejudgment interest award contained in the Court's November 17, 2020 order. Thus, the jurisdictional issue is whether the Court can grant the writ of execution as to the damages and post-judgment interest portion of the January 25th judgment even though that entire January 25th judgment is technically pending before the 8th Circuit.

Usually, the filing of a notice of appeal divests the district court of jurisdiction. *See, e.g., Johnson v. Hay,* 931 F.2d 456, 459 n.2 (8th Cir. 1991) ("We have held that "'[a] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously,'" and that the filing of a notice of appeal "'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"") (alterations in original). However, there are exceptions to the jurisdictional transfer rule. For example, the divestiture of jurisdiction covers only those matters involved in the appeal. *Marrese v. Am. Academy of Orthopaedic Surgeons,* 470 U.S. 373, 379 (1985); *State ex rel. Nixon v. Coeur D'Alene Tribe,* 164 F.3d 1102, 1106 (8th Cir. 1999). Also, an appeal that is clearly defective will not deprive the district court of jurisdiction. Under such circumstances, the district court may proceed as if no appeal had been filed. *Id.* at 1107-1108.

It is indisputable that State Farm cannot appeal the award of damages and post-judgment interest contained in the January 25th judgment. Those awards have been affirmed by the Eighth

Circuit, and the Supreme Court has denied a Writ of Certiorari. Thus, any attempt to appeal those awards is clearly defective. The current appeal before the Eighth Circuit addresses only the Court's award of prejudgment interest. In addition, the Writ of Execution was filed before the January 25th amended judgment was entered and preceded the appeal of the January 25th judgment.

On the other hand, any doubts about the district court's jurisdiction should be resolved against jurisdiction. *Id.* at 1108 (advising district court to "stay its hand"). Because the Court included in its January 25th judgment the awards of damages and post-judgment interest and did not explicitly retain jurisdiction over those awards for purposes of execution, there is some ambiguity about whether this Court can sever those parts of the judgment, given that the whole judgment is pending before the Eighth Circuit.

Rule 60(a) provides a mechanism for the Court to correct the January 25th judgment either by entering a separate judgment under Rule 58 that covers only the November 17th order or by explicitly retaining jurisdiction over the damage award and the post-judgment interest award. However, the Court concludes it cannot correct the January 25th judgment without authorization from the Eighth Circuit. *See Pioneer Ins.,* 558 F.2d at 1312 ("While there may be some conflict in authority, the better rule, and the one that we approve, is that in such a situation the district court has jurisdiction to consider the [Rule 60] motion and if it finds the motion to be without merit, to enter an order denying the motion, from which order an appeal may be taken. . . . If, on the other hand, the district court decides that the motion should be granted, counsel for the movant should request the court of appeals to remand the case so that a proper order can be entered.") (citing 11 Wright & Miller, Federal Practice & Procedure, Civil, s 2873; 7 Moore's Federal Practice, P 60.30(2), (2d ed.); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928 (5th Cir. 1976)).

To avoid any further delay, the Court will exercise its jurisdiction as instructed in *Pioneer* to consider whether severance would be granted if jurisdiction is returned to the Court.

**C. Severability**

Vogt contends that the final judgment in this matter is divisible and the Court should grant the application for writ of execution as to the damages and post-judgment interest awards only, while permitting State Farm a Rule 62 stay of the prejudgment interest award. Doc. 468, p. 4.

Neither the parties' briefing nor the Court's own research has produced authority that directly addresses this unique circumstance. However, Vogt cites three cases in support of his argument which the Court finds instructive. In each of these cases, severance was found to be appropriate in slightly different circumstances. First, in *Glendale & 27th Invs. LLC v. Delos Ins. Co.*, the district court found that, "[b]ecause Defendant does not dispute certain portions of the judgment against it, Plaintiff has a right to collect those portions immediately, and a bond that ensures that Plaintiff will be paid eventually does not adequately protect that right." *Glendale*, No. 10-00673, 2013 WL 12099390, *2 (D. Ariz. Dec. 12, 2013). The district court concluded it "ha[d] the authority" to immediately enforce the undisputed portion of the judgment and found that "[t]here is nothing inequitable about requiring Defendant to pay an amount that it admits that it owes." *Id.*

Second, in *King Instrument*, the Federal Circuit analyzed Rule 54(b) before finding that severance was appropriate. *King Instrument v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987); Fed. R. Civ. P. 54(b).[3] The judgment in that case was for infringement of a patent and included

---

[3] Rule 54(b) permits courts to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims…does not end the action as to any of the claims…" Fed. R. Civ. P. 54(b).

damages for lost profits (machine damages) and damages from the sale of spare parts. In the first appeal, the Federal Circuit affirmed the machine damages portion and remanded the spare parts damages. *King Instrument*, 814 F.2d at 1563. On remand, the district court ordered execution on the machine damages prior to its resolution of the spare parts issue. On a later appeal, the Federal Circuit affirmed the order permitting execution, finding that Rule 54(b) did not apply after the first appeal and concluding that a judgment can be severed for functional reasons when part of the judgment has been reviewed on appeal and was the law of the case.

Third, *Allen F. Johnson, LLC v. Port Sec. Int'l, LLC* provides additional analogous authority. 642 F. Supp. 2d 533, 538-39 (E.D. Va. 2009). In that case, the district court held that, "[t]here is no bar to enforcing one part of a judgment while appealing another where, as here, the judgment on one claim is separate and distinct from the second claim, and the disposition on appeal of the second claim, whatever that disposition might be, will not affect the validity or amount of the money judgment awarded on the first claim." *Id.* at 534. Here, State Farm's appeal of the prejudgment interest award "will not affect the validity or amount of the money judgment awarded" for actual damages and postjudgment interest. *Id.* Those awards were both affirmed by the Eighth Circuit, and the Supreme Court denied certiorari. These amounts are separate and will not change based on the outcome of State Farm's appeal of the prejudgment interest award.

State Farm relies on *Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 512-13 (6th Cir. 2001), to support its argument that the judgment cannot be severed. *Jalapeno,* however, involved a very different issue, and while the Sixth Circuit rejected the de facto severance in that case, its analysis illustrates why severance in this case makes sense. In *Jalapeno* the issue was whether a ten-year statute of limitations precluded a judgment's being renewed. The facts are tortuous, but briefly, a judgment was entered against individual debtors and guarantors of a debt. All defendants

appealed and the Sixth Circuit affirmed the judgment against the guarantors but reversed it as to the debtors. After the case was remanded, Plaintiff was granted a "Judgment for Sum Certain" against the guarantors on September 15, 1987. Plaintiff then executed on that judgment but was unable through execution to obtain any satisfaction. After a bench trial on the claims against the debtors, an appeal was taken from the district court's judgment in favor of the debtors. The Sixth Circuit affirmed the district court and its mandate issued on October 27, 1989.

In July 1999 the Plaintiff sought to renew the "Judgment for Sum Certain" against the guarantors. The district court found that the judgment against the guarantors was entered September 15, 1987 and therefore any motion to renew that judgment had to be filed no later than October 16, 1997. Relying on *King Instrument,* the district court concluded that Rule 54 was irrelevant after an appeal had been taken and the mandate returned, and therefore the requirements of Rule 54 did not need to be satisfied when the "Judgment for a Sum Certain" was entered on September 15, 1987. The district court denied the motion to renew as untimely.

On appeal, the Sixth Circuit found that *King Instrument*'s refusal to apply Rule 54(b) after the first appeal "is unsupportable by the language of the Rule and runs contrary to the Rule's manifest purposes" of balancing judicial efficiency with the parties' interests and eliminating confusion over the timing of appeals. *Id.* The Sixth Circuit explained as follows:

> [Rule 54] is designed to strike a balance between the undesirability of piecemeal appeals, with their attendant delay and duplication of appellate review, and the need to make the appellate process available in multi-claim or multi-party litigation to serve the best interests of the parties. *See Good v. Ohio Edison Co.,* 104 F.3d 93, 95 (6th Cir. 1997); *Gen. Acquisition, Inc.,* 23 F.3d at 1027. Rule 54(b) also eliminates doubt about when a party must file an appeal. *See* 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure (1998) § 2654 at 37–38 ("If the court does not enter a Rule 54(b) order, the litigant knows that waiting until the disposition of the entire case before seeking an appeal will not lose the right to have the order reviewed."). By creating easy-to-follow guidelines, parties can be certain of the timing of their appeals and will refrain from unnecessary filings in the appellate courts. Indeed,

9

> to facilitate Rule 54(b)'s purposes, we require strict compliance with the rule. *See Gen. Acquisition, Inc.,* 23 F.3d at 1026.
>
> Neither of the purposes of the Rule—to balance judicial efficiency with the parties' interests and to eliminate confusion over the timing of appeals—are diminished by the circumstance that a case has already been heard once on appeal.

*Id.* at 513. The Sixth Circuit then found that the statute of limitation did not begin to run until after the appellate mandate affirming the judgment against the debtor was issued on October 27, 1989. Only then were all claims against all parties resolved.

The problem in Jalapeno, however, occurred because there was an ambiguous "Sum Certain" order that did not make it clear that severance was occurring. It is therefore not surprising that the Sixth Circuit would find it inequitable to penalize one party for the lack of clarity. Because of these differences, the Sixth Circuit's criticism of *King Instrument's* treatment of Rule 54 would not persuade the Court to deny Vogt's request for severance.

It can hardly be disputed that the purpose of litigation is to resolve disputes consistent with the law and to provide a mechanism for court orders and judgments to be enforced promptly and in a predictable manner. Permitting severance in this case will advance those objectives without impinging on State Farm's right to have the only issue that has not been addressed by an appellate court fully reviewed on appeal. On the other hand, if severance is denied, Vogt and the class will incur delay for no apparent reason other than elevation of form over substance. Nor will the court system be adversely impacted by severance under these circumstances. A severance order puts everyone on notice that there are now two distinct parts to the judgment and the first is not dependent on the second.[4] Thus, the problem presented in *Jalapeno* is avoided because there can

---

[4] The same objective could be achieved by simply vacating the January 25th judgment and leaving in place the October 12, 2018 judgment and entering a separate judgment for the Court's November 17th order to comply with Rule 58. This would effectively be what occurs when Rule 54 is invoked to permit a partial appeal. It would not disrupt the 8th Circuit's review of this Court's November 17th order because State Farm filed a separate appeal of that order.

10

be no confusion as to when the statute of limitations for renewal would begin to run for each part of the judgment.

State Farm argues that the cases cited by Vogt do not apply because "[n]o Eighth Circuit authority suggests that district courts may do what Rule 62 by its terms does not permit: enter a partial stay of only a portion of a judgment while another portion of the judgment is on appeal." Doc 471, p. 5. However, once the judgment is severed, Rule 62 can be invoked as contemplated— a right to post a bond to stay enforcement, pending review by an appellate court. Rule 62 simply does not address the question of whether the judgment can be severed so that some damages can be appealed, and other damages, for which all appellate avenues have been foreclosed, can be executed on.

Finally, severing the judgment and ordering execution on the actual damages and post-judgment interest is consistent with the mandate rule, which requires the district court "to comply with the express or implied rulings of the appellate court." *In re A.F. Moore & Assocs., Inc.*, 974 F.3d 836, 840 (7th Cir. 2020); *In re Tri-State Financial, LLC*, 885 F.3d 528, 533 (8th Cir. 2018). The Eighth Circuit denied State Farm's motion to recall and stay its August 31, 2020 mandate, which contained the actual damages and post-judgment interest awards. By severing those awards, the Court would be adhering to the spirit of the mandate rule. *A.F. Moore*, 974 F.3d at 840 (reversing the district court's stay of proceedings after the appellate court denied the defendant's motion to stay its mandate).

State Farm further argues that "the amount of recovery due to any class member cannot be determined until after the total amount of the obligation is finally fixed on appeal." *Id.* Whether Plaintiffs administer more than one distribution to class members is irrelevant to the Court's determination of whether execution on the uncontested damages awards is appropriate.

11

### III. Conclusion

The Court finds that it currently lacks jurisdiction to grant Vogt's application for writ of execution and severance. Doc. 449 and Doc. 468. However, if the matter is remanded to this Court so that it can exercise its authority under Rule 60(a), Vogt's application for writ of execution and severance would be granted as outlined above. State Farm's motion to stay execution of the judgment and for approval of supersedeas bond, Doc. 461, is taken under advisement because the bond proposed by State Farm covers the full amount of the January 25th judgment even though the appeal only relates to the Court's November 17th order granting prejudgment interest. Addressing the bond issue now would just create more procedural complexity that would be clearly unnecessary and counterproductive.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 7, 2021
Jefferson City, Missouri